THE PEOPLE, on the relation of Fleming, *vs.* NIAGARA C. P.

Where a court of common pleas set aside a *report of referees* on the *merits* and err in so doing, a *mandamus* lies to correct the error.
A *total failure* of the consideration of a note may be given in evidence under the general issue *without notice;* not so as to a *partial failure.*

December 4.          ON a rule to show cause, it appeared that Fleming brought an action of *assumpsit* in the C. P. against J. & A. Colt. The declaration contained the common counts ; the defendants pleaded the general issue, and gave notice of set-off. The cause was referred, and on the hearing before the referees, the plaintiff produced a promissory note against the defendants for $350. The defendants offered to prove that the consideration of the note was a quantity of hats sold and delivered to them by the plaintiff; that in the sale of the hats, the plaintiff was guilty of fraud and deceit, and that the note was fraudulent and void. The plaintiff objected to the proof thus offered, and the referees excluded it on the ground that notice of such defence had not been given, and made a report for the amount found due to the plaintiff. On the application of the defendants, the Niagara C. P. set aside the report of the referees, although it was shown that it was not pretended before the referees that the note was void on any ground other than that there was *fraud* in the sale of the hats. The plaintiff now asks for a *mandamus*, directing the C. P. to vacate the order setting aside the report of the referees.

*By the Court,* SUTHERLAND, J. A *total* and *entire failure of consideration,* on the ground of fraud or otherwise may be given in evidence under the general issue *without notice ;* but a *partial failure* cannot be given in evidence without special notice ; it does not go to the foundation of the action, and show that the plaintiff is not entitled to recover any thing, but is merely in mitigation of damages. *Spalding* v. *Vandercook,* 2 Wendell, 431. *Burton* v. *Stewart,* 3 id. 238. *Reab* v. *M'Alister,* 8 id. 109. In this case there was *no notice* given, and the *offer,* I think, cannot be considered as going to the whole consideration ; it was simply that the plaintiff was guilty of fraud and deceit in the sale of the hats which were the consideration of the note, and that the note was therefore fraudulent and void. Now there might have been both fraud and deceit in the sale, and still the hats been of considerable value. I think the evidence was therefore properly rejected by the referees, and the court of common pleas erred in directing their report to be set aside.

ALBANY,
Dec. 1834.

Peremptory mandamus ordered.