THE PEOPLE, on the relation of Orlando A. Fuller and Mary Fuller, *vs.* THE JUDGES OF ONEIDA COMMON PLEAS.

A *mandamus* does not lie to a court of common pleas, directing the *vacatur* of a rule of that court, setting aside a *report of referees*, although the common pleas in the decision made by them clearly erred.

A *writ of mandamus* setting forth an appeal from a justice's judgment to a court of C. P., a reference there, a report of referees in favor of the relator, and an order of the court setting aside the report, shows a *prima facie* title to relief, was the remedy appropiate ; but the proper remedy in such case is by *writ of error* and not by *mandamus*.

Pleadings in justices' courts are liberally construed ; but still the proof must correspond with the allegation ; *it was accordingly held*, where a suit was commenced in a justices' court against *Orlando F.* and *Mary F.* without any intimation in the declaration that the relation of *husband* and *wife* existed between them, or that the suit was brought for the recovery of a demand due from the wife *whilst sole*, though it was avowed on the hearing before referees that the suit was for such a demand, that evidence of a *promise by the husband* to pay the demand, was inadmissible under the pleadings in the cause.

DEMURRER to a return to a writ of alternative mandamus. The writ of mandamus recited that *John M. Mott* had recovered a judgment against the relators before a justice of the peace, that the relators had removed the cause by appeal into the court of C. P. of Oneida county, where it was referred to three referees pursuant to the statute, that the referees reported that nothing was due to the plaintiff, and that the court on the motion of the plaintiff, set aside the report to the great damage of the relators, &c. The judges were then commanded to vacate their order setting aside the report, or show cause, &c. The judges made a return

to the writ by which it appears that *Mott* brought an action before a justice of the peace against the relators, as " *Orlando A. Fuller* and *Mary Fuller*," and declared " on book account to his damage of fifty dollars." The plaintiff afterwards delivered a bill of particulars which commenced thus—" *Mary Gridley* to *John M. Mott*, Dr." There was a trial by jury and a verdict for the plaintiff for $29,46, on which judgment was rendered by the justice. The relators appealed to the C. P., where the cause was referred. The referees reported specially that on the hearing the plaintiff in opening the cause stated that it was an action brought against the defendants, on a book account against *Mary Fuller*, prior to her intermarriage with *Orlando A. Fuller* the other defendant, and offered to prove that *Orlando A. Fuller* had promised to pay the account in question. This evidence was objected to as inadmissible under the pleadings and excluded. The plaintiff having no further evidence, the referees reported that nothing was due to him from the defendants. The C. P. on the plaintiff's motion made an order setting aside the report. To this return the relators demurred, and a joinder in demurrer was put in.

*S. Stevens*, for relators.

*W. C. Noyes*, contra.

After advisement the following opinions were delivered :

By Bronson, J. The declaration was in the usual form for charging the relators as joint contractors. It contained no intimation that the plaintiff sought to recover a debt due from the wife *dum sola*, nor was it alleged that the relation of husband and wife existed between the relators. The bill of particulars was equally defective. Although the pleadings in justices' courts are liberally construed, we cannot wholly overlook matters of form. The declaration must show that the plaintiff has a good cause of action, and on the trial the proof must be confined to such a demand as is set up in the pleading. It is not enough that the defendant

may be able to conjecture the ground on which he is sued ; nor is he bound to know that a plaintiff who declares for a cause of action arising in one form, intends to give evidence of a cause of action arising in another form. The referees decided correctly that the evidence offered by the plaintiff was inadmissible under the pleadings and the court of common pleas erred in setting aside the report.

It is objected that the writ of mandamus is defective— that it does not show any title in the relators to the relief which they seek. *Commercial Bank* v. *Canal Commissioners*, 10 Wendell, 25. If a mandamus will lie in this case, I think the writ is well enough in point of form. It recites a judgment before the justice, an appeal to the C. P., a reference of the cause and a report of the referees in favor of the relators. On that report the defendants were entitled to judgment. It is true that the court below had power, if any sufficient grounds existed, to order a rehearing ; but the writ makes out a *prima facie* case, one which called upon the court to show on what ground the report was set aside. In the case of the *Commercial Bank* the writ required the canal commissioners to pay over money without showing any right whatever in the relators to receive it. But here the relators show a title, which, if neither denied nor avoided by other matter, is, for most purposes, conclusive.

The relators have another remedy, and that is a ground for denying a mandamus. On a rehearing, if the referees follow the decision of the common pleas and decide against the relators, the question can be put upon the record and reviewed by writ of error. Since the decision of the court for the correction of errors in *The Judges of Oneida* v. *The People*, 18 Wendell, 79, I think the case of *The People* v. *Niagara C. P.*, 12 Wendell, 246, ought not to be followed. I do not adopt all the reasoning of Senator Tracy, in the case recently decided, but rest my opinion on the single ground that the relators have another remedy.*

---

* This case was decided in January term, 1839, since which time the question of the proper office of a writ of *mandamus* has been more fully considered by the court, and the views of Senator Tracy, as expressed in the

The CHIEF JUSTICE concurred in the above views.

COWEN, J.   I agree that the C. P. erred in setting aside the report, and that the mandamus is well enough in point of form, but I cannot bring myself to think it the appropriate remedy.   It is true that in *The People, ex rel. Fleming, Niagara C. P.*, 12 Wendell, 246, a peremptory mandamus was granted in a similar case; but the point does not appear to have been taken that there was another mode of relief. This was a case of rejecting testimony as being variant from the declaration.   The C. P. thought it should have been received, and therefore set aside the report.   The consequence is, if we do not now interfere, that the cause must be reheard, when, the decision of the court forming the law of the case, the testimony must be received, and a decision had upon the merits.   If there is enough to sustain the plaintiff's claim, he will have judgment.   The court below may then require the referees to report specially their decisions, the testimony, and their reasons for allowing or disallowing any claim, in the manner and for the purpose declared by the statute.   2 R. S. 306, § 48, 49.   If the report be confirmed, it is well settled that it may be entered on the record, so far at least as to present the legal questions decided by the court below, and thus form the subject of a writ of error, the same as a special verdict or bill of exceptions.   *Feeter* v. *Heath*, 11  Wendell, 481 to 483.   *Melvin* v. *Leaycraft*, 17 id. 169.   The error now in question thus entering into the judgment of the court below, it would be reversed.   This is the form in which our judgments are reviewed by the court of errors; and such is nearly the course which a cause takes as to all questions susceptible of being presented by bill of exceptions, when a new trial is granted in a case.   The party takes his exceptions on the

case of *The Judges of Oneida* v. *The People*, 18 Wendell, 79, recognized as laying down the *true rule* on the subject, as will be seen in an opinion delivered by Mr. *Justice* BRONSON, in *The People, ex rel. Doughty* v. *The Dutchess C. P.*, 20 Wendell, 658, which, although *published* previous to the decision of this case, was in fact pronounced subsequently.

new trial, and proceeds by writ of error. Had this been a verdict instead of a report, such would have been the course; and we should have refused to interfere by mandamus for that reason.

It may be said that the court below would be compelled to sign a bill of exceptions, but not to coerce a special report. I do not understand that to be so. On the party moving for a rule under the statute that the referees report specially, I think it would be their duty to grant it; and equally so to enter it on the record, or so much at least as to put their own decision on points of law in a way of review by writ of error. This strikes me as the appropriate and indeed the adequate remedy. If I am right, it follows that a mandamus is unnecessary. This writ is never granted except where justice would fail in its purposes for want of other means. I think the law has provided another and better remedy by writ of error.

But suppose there is no remedy by writ of error, and even supposing *The People, ex rel. Fleming,* v. *The C. P. of Niagara,* to have been a solemn decision on the point under discussion, I must still be permitted to question our power to interfere, since the decision in the court of errors in *The Judges of Oneida C. P.* v. *The People,* 18 Wend. 79. In that case the court had directed a peremptory mandamus compelling the court below to vacate an order granting costs on the ground that the title to land came in question. The court of errors reversed the judgment expressly because this court had no jurisdiction. That resolution was based on a very elaborate and able view of our power, by Mr. Senator Tracy, who cited most of the English and American cases. He addressed himself to the proposition that the office of a mandamus is merely to put an inferior court, magistrate or ministerial officer in motion; but that where discretionary or judicial power has been exercised upon a matter within the jurisdiction of the inferior court or magistrate, although in making the decision the tribunal has mistaken either the law or the fact, or both, and whether there be a remedy by writ of error, certiorari, &c. or not, this court cannot compel a change of determination by man-

damus. I shall not go over the cases which the learned senator so ably reviewed, and from the decided balance of which I concur that the rule proposed was fairly deduced by him. It is enough to say that the resolution of the court of errors denying all jurisdiction to this court in a case which it was not denied did or might involve a mere question of law, in a case too where no other remedy than mandamus could be imagined, is fully commensurate with the conclusion to which he came. It is true that *The People, ex rel. Fleming*, v. *The Niagara C. P.* was not cited and expressly overruled, but *The People* v. *The Superior Court of New York*, 5 Wendell, 114, and 10 id. 285, was reviewed and condemned, and that was a stronger case for a mandamus than the present. The court there compelled the vacatur of the rule for a second trial, granted on the ground of newly discovered evidence, for which there clearly was no other remedy, not even by bill of exceptions; for that would reach only the competency of the new evidence. Besides, Senator Tracy expressly adopted *Ex parte Morgan*, 2 Chit. R. 250, which denied that a mandamus would lie to compel the court below to grant a new trial, and yet no writ of error would lie in that case, whether the motion was founded on matter of practice or the improper admission or rejection of testimony, unless the party had taken the precaution to tender a bill of exceptions. He also adopted the broad language of Abbott, Ch. J. in *The King* v. *The Justices of Middlesex*, 4 Barn. & Ald. 300, denying that a mandamus can be allowed to compel an inferior court to come to any particular decision.

For one, if I have not entirely mistaken the scope of the decision in *The Judges of the Oneida C. P.* v. *The People*, I shall not feel myself warranted in consenting to a mandamus for the purpose of disturbing any judicial decision whatever of an inferior court or magistrate.

I am, therefore, of opinion that the demurrer in the case at bar is well taken.

Judgment for the defendant.