## GRAY v. THACKER, USE, &c.

1. When the husband and wife are sued for a debt of the wife, while sole, the judgment must be against both, and if judgment be rendered against the husband alone, it will be reversed on error.

ERROR to the Circuit Court of Coosa.

Action of debt commenced by the defendant against the plaintiff in error before a Justice of the Peace.

The warrant is against William M. Gray, to answer the complaint of J. R. Thacker in a plea of debt, executed by Caroline R. Burton, now the wife of the said W. M. Gray. The Justice of the Peace allowed an off-set claimed by the defendant and rendered judgment in his favor.

The cause being carried by certiorari to the Circuit Court, the plaintiff filed a statement of his cause of action in these words:

J. R. THACKER, USE, &c.

vs.

WILLIAM M. GRAY and his wife, CAROLINE GRAY.

Plaintiff states that Caroline Burton made her note, payable to the plaintiff for twenty-one dollars and fifty cents, for value received, dated 4th February, 1839, and due one day after date. Since the making of said note, and before the commencement of this suit, she has married said defendant, whereby he became liable to pay said note to the plaintiff. Damage fifty dollars.

To this statement the defendant craved oyer of the warrant, and pleaded in abatement a variance between the warrant and the statement, in this, that the warrant was sued out against Gray alone, and the statement was against him and his wife.

To this plea the plaintiff demurred, which the Court sustained, and gave judgment for the plaintiff for the debt.

From this judgment this writ is prosecuted by the defendant who assigns for error—

1. The judgment of the Court sustaining the demurrer.

2. In giving judgment against plaintiff in error.

3. In giving judgment against plaintiff in error alone, when the statement is against him and his wife.

POPE, for plaintiff in error.

MORRIS, contra.

ORMOND, J.—We consider, that in accordance with the liberality which has always been extended towards proceedings before Justices of the Peace, by this Court, the warrant may be considered as sued out against the plaintiff and wife jointly, and that the statement follows the warrant. But the

18

judgment being against the defendent alone, cannot be sustained. The judgment must be against all who are parties to the writ and declaration; and especially in a case like the present, where, if the judgment were properly rendered, in the event of the death of the husband, would survive against the wife, but as this judgment is rendered would survive against the representative of the husband.

Let the judgment be reversed and the cause remanded.