Cowen, J.
There is no doubt of the plaintiff’s right, when the damages found in his favor exceed the amount clahned in his declaration, to remit the excess and take judgment for the sum demanded ;(a) and no good reason has been urged against his doing so in any case.
The defendant consented that the plaintiff should go on and finish his. job after the time fixed for it by the original contract had gone by. He went on accordingly; and this raised a claim in his favor upon a quantum meruit. But I do not think it necessarily operated as a waiver of damages for not performing the special contract. The amount of the whole was, that the defendant, finding himself implicated xvith a man who was remiss in the performance of the job, preferred going through *78 under some new arrangement, to being off entirely, refusing to pay any thing for what had been done, and resorting to another laborer. He might have been, and probably was far from intending to ^release whatever damages might have accrued from overgoing the time. A cause of action had arisen in his favor, and he did not discharge it nor agree that the plaintiff should go free in consideration of doing in part what he had bound himself to do in whole, even if that would have been a valid consideration. In short, the waiver of time was not a waiver of damages, as I admit it would have been if the contract had been modified before the time arrived. Treating the waiver as a modification of the first contract, and regarding both as one, which is perhaps a correct way of putting the case, still there would remain the implied equitable term, that if the defendant had been seriously damnified, he should be paid. In strictness, therefore, I think the defendant was entitled to recoupe the damages ; or, if they had been large enough, he might have urged them as a bar to all claim under the special contract. (Sickles v. Pattison, 14 Wend. 257: Ives v. Van Epps, 22 id. 155; Ladue v. Seymour, 24 id. 69; Batterman v. Pierce, 3 Hill, 171; Still v. Hall, 20 Wend. 51.) In Allen v. Cameron, (1 Cr. & Mees. 832,) where the work was imperfectly done, under an agreed price, Vaughan, B. said, “ I think the rule that there should be an abatement of price for the non-performance of any part of the contract by the plaintiff, is a convenient rule.” Bayley, B. said, “ The case of Street v. Blay puts this in a plain and satisfactory point of view; not leaving the defendant to a cross action to recover for the diminution in value by reason of the plaintiff’s non-performance of the contract, but entitling him to deduct the amount of damages he has sustained.” (Id. 840,1.)
Was the proof in mitigation admissible under the general issue ? I -think that question arises, There was no notice of a claim for the default as to time; but only for not completing any part of the ditch. This rather precluded the idea that the defendant intended to put himself on time; and the evidence was not admissible unless proper under the general issue.
*79 The rule of 'recoupment has come to us from England, accompanied with the remark that, where the quality of work done at a stated price is to be impeached, notice of the defence is proper. (Lord Ellenborough, C. J. and Lawrence, J. in Basten v. Butter, 7 East, 479.) Counsel had complained of surprise, and Buller, J. had refused to allow the defence, while Lord Kenyon had allowed it; and the remarks mentioned seem to have been thrown out, first, as a reply to the counsel,, and, secondly, as possibly tending to reconcile the conflicting decisions of the judges. They probably led the chancellor to say, in Real v. McAlister, that he considered a like defence perfectly just and equitable when the plaintiff has notice of it. In Ives v. Van Epps, (22 Wend. 157,) the point was raised; but it was not thought necessary to decide it. I there said, notice may be necessary; but added, that the rejection of the evidence was not put on the want of it. The question has never been much thought of, so far as I can discover, nor do I find it has ever become necessary to decide it in any of the cases where it has been mooted. In no English case, except Basten v. Butter, is the idea of notice suggested. Other decisions have gone forward without any attention to it. (King v. Boston, 7 East, 481, note (a), A. D. 1789; Farnsworth v. Garrard, 1 Camp. 38, A. D. 1807; Okell v. Smith, 1 Stark. Rep. 107, A. D. 1815; Poulton v. Lattimore, 9 Barn. & Cress. 259, A. D. 1829; Allen v. Cameron, 3 Tyrwh. 907, 1 Cr. & Mees. 832, S. C., A. D. 1833; Street v. Blay, 2 Barn. & Adolph. 456, A. D. 1831, recognizing Cormack v. Gillis, cited 7 East, 480, 481; and see Cousins v. Baddon, 1 Gale, 305.) These cases belong to two classes; one where the defence was partial, another where it was total. The want of notice was equally disregarded in both. Mr. Leigh, in his late book on Nisi Prius, (vol. 1, p. 79,) deduces the rule from Basten v. Butter, in these words: “ The defendant should (though he need not) give notice to the plaintiff of the intended defence; for otherwise he may have gromid to complain of surprise, as he may only come prepared to prove the agreement for the specific sum.” I presume he means to be understood as saying that the defendant -may or *80 may not give notice at his pleasure; but if he gives none, the court will listen more readily to a motion for a new trial on the ground of surprise. That any judge or writer ever intended to lay the rule down as one of pleading, I do not believe. There is no color in precedent or principle for saying that a defence striking directly at the whole cause of action need be pleaded in an action of assumpsit; and there is still less ground for saying that a partial defence—matter going merely to mitigate damages—should be pleaded. A partial defence can never, according to our cases, be introduced by a plea: and the universal rule both in England and this state is, that where a matter cannot be pleaded, it may be given in evidence. (Herkimer Manufacturing and Hydr. Co. v. Small, 21 Wend. 273, 277; Wilmarth v. Babcock, 2 Hill, 194,196.) No one will pretend that the statute of special notice applies; for by that you can give notice of such matter only as may be pleaded. (Wilmarth v. Babcock, ut supra.) The matter does not come in as a set-off, and so is not within the statute of notice with respect to that. In short, I am satisfied that to require notice of a defence by way of recoupment in any case, would be a departure • from principle, from precedent, and all the analogies of pleading. The truth is, as remarked by Mr. Justice Bronson in Batterman v. Pierce, the doctrine of recoupment is of recent origin. It would not have been surprising, therefore, after the remarks in Baste?i v. Butter, had some judges required a plea or notice. The cases fluctuated for some time both in England and this state on the question whether the doctrine itself should be received into the law. About as much has been said on the point of notice hi one country as in the other; but not enough in . either to give any serious countenance to the idea that it is necessary. ■ - -
On the whole, I am entirely satisfied that the fact of the plain- 1 tiff’s contract having been broken as to time, formed a good ground for claiming damages by way of recoupment j and that the defence was admissible under the general issue. The judgment of the common pleas affirming that of the justice should be reversed.
*81 Bronson, J.
Although it may never have been directly and necessarily decided that the defendant must give notice of his intention to recoupe damages, it has often been assumed by the courts of this state that notice must be given; and such appears to be the general opinion of the profession. Very few cases have fallen under my observation where the defence was attempted without a notice.
If this must be regarded'as an open question, then, uponprin ciple, I think notice should be required. The defendant often has an election either to bring a cross action or to set up his claim by way of recouping damages; and without a notice the plaintiff may be surprised on the trial by a defence which he„. is wholly unprepared to meet. There can be no hardship upon the defendant in requiring him to give notice, while a different rule would be likely to work injustice. I am aware that notice is not necessary where the defence goes to the whole consideration of the promise on which the plaintiff sues. Such a defence shows that the plaintiff has no cause of action, and is fairly covered by the plea of non assumpsit. But it is not so, where, as in this case, the defence admits that the plaintiff has aright to sue, and seeks to recoupe damages on the ground that the plaintiff has failed to perform some stipulation in the contract which Avasobligatory upon him. In such a case notice should be given.(a)
But the defence seems to have been rejected on the ground that it was not. in its own nature, admissible. The want of notice was not mentioned in the court below. On this ground I agree that the judgment should be reversed.
Nelson, Ch. J. concurred in this view of the question.
Judgment reversed.(b)

 See Cowen’s Treat. 1010, 2d ed. and the cases there cited. Also 2 R. S. 177, § 125, 2d ed.

 As to this distinction between a.partial and a total failure of a consideration, see The People ex rel. Fleming v. Niagara C. P. (12 Wend. 246, 7;) Spalding v. Vandercook, (2 id. 431;) Barton v. Stewart, (3 id. 238;) Sill v. Rood, (15 Johns. Rep. 230,1, and the cases there cited in note (a)); Chitty on Con. 450,. Am. ed. of 1839.

 See The Mayor &c. of the City of Albany v. Trowbridge and others, (ante, p. 71,) and Van Epps v. Harrison, (ante, p. 63.)