Ordered accordingly.

## ELKINS vs. ATHEARN.

A motion for a *mandamus* to compel the judges of the inferior court to vacate a rule opening a judgment to enable a defendant to plead a bankrupt discharge will not be entertained, though it was urged that the order interfered with vested rights.

In a case where it is well settled that this court has not jurisdiction to award a *mandamus*, it will not be granted on the suggestion that the party applying wishes to bring error to the court for the correction of errors.

ELKINS, on the 13th of January, 1845, recovered a judgment against Athearn in the superior court of the city of New-York for about $4500 damages and costs, in an action of assumpsit. Elkins on the same day assigned the judgment to *Beardsley* and *Chalmers*, for a valuable consideration. Afterwards the superior court, on the defendant's application, opened the judgment upon terms, for the purpose of enabling the defendant to plead his discharge in bankruptcy. Beardsley and Chalmers, the assignees of the judgment, obtained an order at the last December special term, requiring the justices of the superior court to show cause why a mandamus should not issue commanding them to vacate the order which had been made for the relief of Athearn. And now—

*W. M. Evarts* and *J. Van Buren,* (attorney general,) moved that a writ of mandamus issue. They insisted that the superior court had no right to make such an order after the judgment had been assigned. It destroyed the vested right of the assignees.

BRONSON, Ch. J. But the court acted judicially in making the order, and, whether they were right or wrong, it is settled that judicial errors cannot be corrected by mandamus. The writ will be awarded to set an inferior court in motion, when it has refused to act; but not for the purpose of requiring the court to come to any particular decision, nor to retrace its steps when it has already acted.

*Evarts.* Relief has been granted in this form since the decision of the court of errors in *The Judges of Oneida* v. *The People,* (18 *Wend.* 79,) which is said to lay down a different rule.

THE CHIEF JUSTICE. But not since we were led by that decision to review the whole subject in *The People* v. *The Judges of Dutchess,* (20 *Wend.* 658,) where it was finally settled that we had no authority to control the judgments or orders of other courts in this way. Since that time motions for writs of mandamus to judges and judicial officers have often been made; but they have been denied. I have already denied two or three such motions at the present sitting.

*Evarts* mentioned two cases where alternative writs had not long since been directed to judicial officers to correct their decisions.

CHIEF JUSTICE. Those writs were inadvertently issued, and they have already been quashed. We shall not depart from the established doctrine on this subject.

*Evarts.* Will the court grant the writ for the purpose of enabling us to put the question on record, with the view to a writ of error?

CHIEF JUSTICE. We utterly disclaim any such jurisdiction as we are requested to exercise; and the question is too well settled to be open for debate.

Motion denied. (*a*)

*A. Crist* was to have shown cause; but the motion was disposed of without hearing him.

(*a*) See in addition to the authorities cited in the above mentioned cases, and holding the same doctrine, *Gibbs* v. *The County Commissioners of Hampden,* (19 *Pick.* 298 ;) *Ex parte Morgan,* (2 *Chit. R.* 250 ;) *The King* v. *The Justices of Middlesex,* (4 *B. & Ald.* 298 ;) *The King* v. *The Justices of Monmouthshire,* (4 *B. & C.* 844 ;) *The King* v. *The Justices of Kent,* (14 *East.* 395 ;) *The King* v. *The Justices of Carnarvon,* (4 *B. & Ald.* 86.)