REUNECKER v. SCOTT.

At common law, the husband is liable for the debts of the wife contracted *dum solo*, but in order to recover against him, she should be joined in the action and judgment.

Under the Code, the husband is not liable for debts made by his wife while single under a contract, "purporting to bind herself only."

*Appeal from Dubuque District Court.*

*Opinion by* GREENE, J. This suit was commenced before a justice of the peace, by Geo. W. Scott against F. Reunecker, for medical services, rendered to defendant's wife previous to their marriage. Plaintiff recovered judgment. Defendant had the case taken to the district court on writ of error, where the judgment was affirmed. To the judgment and pleadings below, two errors are assigned.

1. It is claimed that if the husband is liable for debts contracted by his wife before marriage, she should be made a party to the action. In *Gage* v. *Reid*, 15 John., 403, it was held that if the husband is sued for a debt contracted by the wife, *dum solo*, without her being joined, it is an error, for which judgment will be reversed. *Angel* v. *Felton*, 8 John., 149; *The People* v. *Oneida C. P.*, 21 Wend., 20.

In *Gray* v. *Thacker*, 4 Ala., 136, the action was commenced against the husband and wife, but the judgment was rendered against the husband alone. It was held that the judgment should have been against both, and if against the husband alone, should be reversed.

Although the husband is liable, at common law, for debts contracted by his wife before marriage, still, in order

12*

to enforce that liability, the wife should be joined, not only in the action, but also in the judgment.

2. It is claimed, that under the Code, the husband is not in any way liable for the debt in this case. The Code provides, § 1453 : " Except as herein otherwise declared, the husband is not liable for the separate debts of the wife, nor is the property of the wife, nor the rent, nor the income thereof, liable for the debts of the husband. But the separate debts of the wife, as herein contemplated, are only those growing out of the contracts mentioned in the next section." The next section declares : " Contracts made by the wife, in relation to her separate property, or those purporting to bind herself only, do not bind the husband."

In these sections, there is no express reference made to the debts of the wife, contracted while *sole,* but a complete change is made in marital rights and obligations, and this change should be made to harmonize as nearly as possible with justice and propriety. If certain contracts, made by the wife after marriage, do not bind the husband a *fortiorari,* the same kind of contract, made by her while single, should not bind her future husband. The contract in this case was made with Miss Paine alone. The record, in the case* shows that the defendant called upon Dr. Scott, the plaintiff, to testify as a witness, and he swore, in substance, that he rendered the services, and that the charges were made against Miss Paine herself, and not against Mrs. Hanley, with whom she was living as a servant ; that he looked to Miss Paine alone for payment ; that he knew she worked for a living ; that she came to his house several times to work, but complained of being unwell, and did not stay.

There was nothing in this contract purporting to bind any one but herself. It is not pretended, even, that the services were rendered upon any contingent possibility of her future marriage, or the expectation of ultimate collection from an unknown future husband. The services having been rendered exclusively for herself, and upon her own

credit, "*purporting to bind herself only*," we conclude that under the Code, the appellant is not liable.

Judgment reversed.

*Hempstead* and *Burt*, for appellant.

*B. M. Samuels*, for appellee.