THE STATE ex rel. PETER H. WOOD,

*vs.*

THE JUDGE OF KENOSHA CIRCUIT COURT.

A mandamus does not lie to compel the circuit judge or court to tax a particu_lar bill of costs.

If the judge or court errs in the taxation or award of costs, a mandamus is not the proper remedy to correct the error.

This was an alternative writ of mandamus directed to the judge of the Circuit Court of Kenosha county, requiring him to enter an order that one Peter Reas pay the costs in a certain suit pending in said court, entitled Peter H. Wood, executor of the last will and testament of Uriah Wood, deceased, appellant, vs. Edward Ducharm, appellee, or that he show cause, &c.

On the 10th day of February, 1854, the judge of said Circuit Court made report, showing cause why he did not enter the order aforesaid.

It appears by the return that said Ducharm, in 1850, presented to the commissioners appointed to receive, examine and adjust the claims against the es· tate of Uriah Wood, a claim based upon an alleged lost note, for about seventy dollars ; that Peter Wood, the executor, " appealed from the decision of the com‾ missioners allowing the claim, which " appeal" was entered in the Circuit Court. After the allowance of the claim, and before the appeal, Peter Reas purchased of Ducharm, the claim so allowed, and that he appeared in the Circuit Court, and prosecuted the claim to final judgment. The proceedings were conducted in the name of Ducharm, though Reas in fact

52*

JUNE TERM
1854.

State
vs.
Kenosha
Cir. Judge.

prosecuted in the Circuit Court. At the November term, 1852, judgment was rendered in favor of Wood, the executor, to wit: "that the said Edward Du charm take nothing by his said suit, and that the said Peter H. Wood go thereof without day; and it is further considered that the said Peter H. Wood do have and recover of the said Edward Ducharm, his costs in the suit, to be taxed."

On the 6th day of December, 1852, the costs were taxed by the clerk, on notice, at the sum of $60.60, no one appearing to oppose the taxation.

At the November term, A. D. 1853, the counsel for Peter H. Wood moved the court for an order on Reas, that he pay to the said Wood the costs taxed in said suit, which motion was founded upon affidadavits, and other papers in the case, showing that Reas had become the owner of the claim, and that the suit had been prosecuted by him and for his benefit; which said motion was denied by the court.

To reverse the order of the court overruling and denying the motion aforesaid, and to require the Circuit Court to order the payment of the costs by the said Reas, this application was made.

Upon the hearing of the motion above mentioned, affidavits were read on both sides, presenting some conflict of evidence, to which, however, it is not necessary to refer.

*Joy & Mansfield*, for the relator.

*Stoddard & Pettit*, for the respondent.

*By the Court*, WHITON, C. J. The peremptory mandamus must be denied.

The judge of the first circuit has already decided

the matter in controversy between the parties in interest, and we cannot in this way correct any errors which he may have committed. Admitting that the position taken by the relator is correct; that Reas should have been ordered to pay the costs, still a mandamus does not lie to correct any such error.

To direct in this way the judge to decide the questions involved, would be a gross perversion of the proper office of a writ of mandamus. *Peop. vs. Oneida Com. Pleas,* 21 *Wend.,* 20; *Elkins vs. Attheram,* 2 *Denio,* 191; 10 *Fick,* 244; *Gray vs. Fidge,* 11 *id.,* 189; *Moore, petitioner,* 18 *id.,* 443; *Gibbs vs Hampden,* 19 *id.* 298.