JOHN H. CANNON et al. v. JOHN GRANTHAM.

1. STATUTE CONSTRUED — ART. 25, P. 336, CODE OF 1857 — HUSBAND NOT LIABLE FOR HIS WIFE'S ANTE-NUPTIAL DEBT. — The effect of the latter clause of art. 25, p. 336, Rev. Code of 1857, is to repeal the common law, by which the husband was liable, during coverture, for the ante-nuptial debts of his wife. If she has separate property, it is liable for such debts, but whether she has or not, he is not liable.

2. IN A SUIT AGAINST THE WIFE ON AN ANTE-NUPTIAL CONTRACT HER HUSBAND SHOULD BE JOINED. — The husband is a proper party defendant in a suit against the wife to recover a debt contracted by her *dum sola*, but judgment on recovery is not enforceable against him.

ERROR to the circuit court of Choctaw county. BRAD-FORD, J.

Plaintiffs bring this suit to recover of defendant the price of a bill of goods sold by them to one Mrs. Mary E. Williams, with whom the defendant, John Grantham, afterward intermarried.

There was a demurrer to the declaration,

Because there was no averment that the wife had separate property under the married woman's law of 1857, the demurrer was sustained. From which judgment the plaintiff sued out a writ of error, and assigns here that the court erred in sustaining the demurrer.

*J. A. P. Campbell,* for plaintiffs in error.

1. If I had brought this action in the court below, I would have joined the wife. Though she should have been joined, her non-joinder was not objected to as the statute requires in the court below, and is not available here. Rev. Code, 1857, p. 485, art. 43, 44. In the court below the point was, that plaintiff, in declaring against the husband, should have averred that the wife had no separate property, it being argued that the plaintiff should anticipate the grounds of exculpation to the husband from liability, and avoid them, which the rules of pleading do not require. The demurrer was not properly sustained on this ground, the only special cause assigned by it.

2. At common law the husband took his wife *cum onere* of ante-nuptial debts, and this too, whether she had property or not, for his liability sprung from the fact of marriage. Our statute changes this rule so far as to discharge the husband from liability for debts of the wife contracted before marriage, "if she have separate property under this act." Rev. Code, 1857, p. 336, art. 25.

This effects justice. If the wife has property it is liable, and the husband is not. If she has none, as by marriage, the husband becomes entitled to the personal services and earnings of the wife, he should be liable, as at common law,

for her debts. Otherwise the creditors of the wife for debts contracted *dum sola* (it may be for her bridal trousseau) are cheated and defrauded by her marriage. Remaining single her earnings would be appropriable to her debts. Married, the husband becomes entitled to them, and, in depriving creditors of their just expectations, he incurs no liability to them, if the view contended for shall be sustained. It is not supposable that such a result was intended by the legislature. It is a familiar rule that the common law is not to be considered as changed further than the statute plainly enacts. The common-law liability of the husband is well understood. How far has the statute changed it? The answer is given by the statute in these words "and the husband shall not be liable for debts contracted by the wife before marriage * * * if she hold separate property under this act," plainly implying that he shall be liable, if she has no separate property to meet her ante-nuptial liabilities, thus effecting justice, as I have suggested.

*W. R. Barksdale*, for defendant in error.

The husband is liable as husband, not as debtor. 2 Kent's Com. (8th ed.) top page 129, side page 146. For if he was considered the debtor, he would remain liable after the death of his wife, and, on the event of his dying before his wife, his executors would be liable. This is not the case ; but, on the contrary, she is considered the debtor, and for this reason the wife must be sued with the husband to recover a debt contracted by her before marriage. Reeve's Domestic Relations, Parker & Baldwin's Notes, 53 ; 2 Bac. Abr. (3d ed.) 35 ; Kirkman v. Wauls, executor of Hurd, 13 Smedes & Marsh. 599.

If Mrs. Williams, before her marriage to defendant, John Grantham, had separate property under the married woman's law of 1857, then it will not be denied that defendant, John Grantham, is expressly exempted by art. 25, p. 336 of Revised Code of 1857, from liability for said debt.

If all that the plaintiff avers in his declaration may be

admitted, and yet the defendant be not liable, then the declaration is demurrable.

If an administrator plead the statute of non-claim, that the claim was not exhibited, proved and registered within the two years prescribed by law, such plea is bad on demurrer, unless it negate knowledge on the part of the administrator.  Branch Bank of Alabama at Mobile v. Rhea, admr., 37 Miss. 110; Miller v. Jefferson College, 5 Smedes & Marsh. 651.  The declaration should, therefore, have averred that the said Williams had, at the time of her intermarriage with said John Grantham, no separate property under the married woman's law of 1857.]

The ground of the husband's liability at common law was, that all the wife's property became, *jure mariti*, his property.

The Code of 1857, retaining to the wife after marriage, all her separate property, both real and personal, as fully as before, changes his liability for her debts contracted before marriage.  *Ratione cessante, cessat ipsa lex.*  Dickson v. Miller et ux., 11 Smedes & Marsh. 594; 1 P. Wms. 602; Mallory v. Vanderhyden, 3 Barb. Ch. 9; S. C., 1 Comst. 453; 2 Kent's Com. (8th ed.) top page 129, side page 146, foot notes.

The last clause of art. 25, p. 336, Rev. Code, 1857, reads thus: "And the husband shall not be liable for debts contracted by the wife before marriage, nor shall he be liable for debts contracted by her after marriage, if she holds separate property under this act."  The subjunctive clause, "if she holds separate property under this act," does not qualify his liability for debts contracted both before and after marriage, but it attaches as a condition and qualifies his liability only for debts contracted by her after marriage. Bacon v. Bevan & Co., 43 Miss.

The laws of New York, from which our married woman's law is largely taken, as early as 1853, provided that suits to recover debts contracted by the wife before marriage may be brought against husband and wife; but the judgment

and execution affect the separate estate of the wife only. A husband, however, who acquires the separate property of his wife, is liable, to the extent of such property, for her debts contracted before marriage. Laws of 1853, ch. 576, p. 1057 ; 2 Kent's Com. (8th ed.) top page 127, foot note (1), side page 144.

SIMRALL, J.:

1. The single question arising for adjudication on this record is, whether the husband is personally and separately liable for the amount of his wife's debts contracted *dum sola*.

At common law, the husband took his wife, with all the debts, contracts and liabilities she was under, whether *ex contractu*, or *ex delicto*. As compensation, and to enable him to meet these responsibilities, he, by the fact of marriage, became absolute owner of all her personal property in possession, and of the choses in action, which he might reduce to possession, as well as the use and profits of her real estate. His responsibility was as husband, and continued only so long as he sustained that relation. If, therefore, the debt was not reduced to judgment during the marriage, the obligation of the husband ceased. It was not continued against him, in case he survived the wife, nor against his legal representative, in case he deceased first. But coverture did not extinguish the debts as to the wife. She still remained debtor, in conjunction with the husband, who became jointly bound with her so long as the coverture lasted. If it were dissolved, pending suit and before judgment, by the death of the husband, the suit abated as to him, but the cause of action survived against the wife, and might proceed to judgment and satisfaction against her.

The common-law rule was invariable, that where the promise or obligation was joint, the suit should be brought against all the parties to it. And in case of decease of either, the remedy must be pursued against the survivors. There was nothing peculiar in the relation of marriage

which made it exceptional. While the liability of the husband is joint, it is also conditional; his obligation is in right of his wife in certain events, and not in his own right and at all events. In the old cases of Robinson v. Hardy, 1 Keble, 281, and Drue v. Thorn, Allyn, 72, it was laid down that the suit must be jointly against husband and wife, and the objection might be taken by demurrer.

In Mitchison v. Hewson, 7 Durn. & East, 349, the judgment was arrested for the non-joinder of the wife. The suit was against the husband, for work and labor done, and medicines provided for the wife before her marriage. The issue was *non assumpsit.* The court said, that, according to the best authorities, the action against the husband alone could not be supported. The defect was so radical that the verdict could not be helped out by any intendment, nor by the statute of jeoffails. The same doctrine is laid down in Angel v. Felton, 8 Johns. 149. In Gage v. Reed et al., 15 ib. 403, there was an agreement to try the cause on its merits, which, said the court, only raised formal and technical objections; no objection was made in the superior court to the "non-joinder of the wife," yet for this cause the judgment was held to be erroneous. It was good ground to arrest the judgment, and was also available in error to reverse the judgment. Also 4 Ala. 136. At the common law it was essential to join the wife as co-defendant with the husband, and for failure to do so the objection may be taken by demurrer to declaration, by motion in arrest of judgment, or by writ of error.

The argument is pressed earnestly by counsel for the plaintiffs in error, that under the married woman's law, Rev. Code, 336, art. 25, where the wife has no separate property, the liability of the husband for the debts of the wife incurred *dum sole,* is as at common law. If the proposition were conceded to the full extent claimed, it would follow, as we have seen, that the demurrer ought to have been sustained, for the non-joinder of the wife, and although this was not assigned as special cause of demurrer, it is so

essential that judgment could not, according to the right and the law, be for the plaintiff. At common law, the liability of the husband arose from the marriage, and not from the fact whether the wife did or did not bring property to the husband. He was as equally bound, whether she were pennyless or brought him a fortune, and no allegation in pleading was necessary to be made on the subject.

We do not think that the husband is liable for the antenuptial debts of the wife, in any circumstances, under the statute. The provisions of law on this subject are to be found in art. 25, page 336, Code. In so far as the wife is concerned, there seems to be no change in her condition. "Her separate property shall be liable for debts contracted by her before marriage." After her death this liability is devolved upon her executor or administrator. The next succeeding clause of the article is: "And the husband shall not be liable for debts contracted by the wife before marriage," etc. It will be observed that the words are general, without qualification. It seems manifest to us, that the legislature meant to continue the responsibility of the wife for her engagements before marriage without a suspension during the coverture. But, inasmuch as property, of whatever kind, and rights to property, owned by her at the marriage, or coming to her afterward, do not rest in the husband, but constitute a separate estate free from his control and disposition, therefore the husband, as such, incurred no liability to her creditors. The policy of the statute is, since he takes no interest in her property, he shall be freed from her debts. But the wife shall remain debtor during coverture to the extent that she was debtor at her marriage, with a right in the creditor, during the marriage and after its dissolution, to satisfaction out of her estate. Dickson v. Miller, 11 Smedes & Marsh. 602. The counsel for the defendant in error urges that the declaration is defective, because it does not allege that the wife, at the time of her marriage, had separate estate. The counsel for the plaintiff in error insists, that this is matter of excuse and avoidance, and

ought to come from the defendant. In our view of the statute, it matters not whether the wife had separate property or not; if she had, then it is liable and not the husband. If she had not, the statute has repealed the common-law rule to the husband's responsibility. In suits for ante-nuptial debts, the husband ought to be joined (for uniformity) with his wife as defendant. But no judgment or decree enforceable out of his estate can be rendered.

This construction will be vindicated by bringing the provisions of the act of 1846 into comparison with the Code. The former made a partial encroachment on the common law in this, that the creditor must first exhaust the separate estate of the wife. The husband being only held for the deficiency. Section 5 of Hutch. Code, 499. Whereas the 25th article of the Code, p. 336, after naming the contracts which may be binding on the wife's estate, concludes with the declaration, in general phrase, that the husband shall not be liable for the ante-nuptial debts of the wife, nor those contracted after marriage, if she hold separate property under this act. This sweeps away the qualified responsibility, after exhausting the separate estate under the act of 1846, as also, all liability whatever, at common law. In suits upon these debts, the husband is a proper defendant for conformity; but no judgment, enforceable out of his property, can be rendered. The declaration entirely fails to state a cause of action against the defendant. It was right therefore to sustain the demurrer.

*Judgment affirmed.*