Wisconsin
2    34
90   68

ANDREW J. MAYNARD, *Plaintiff in Error*,

*vs.*

ASAHEL TIDBALL, *Defendant in Error*.

ERROR TO ROCK COUNTY COURT.

Where, in a suit before a justice, the parties resort to written, formal pleadings, the court will hold the parties to all the substantial requisites required in a court of record.

A mere verbal statement of the cause of action is all that is required by the statute, and if such statement discloses substantially a cause of action, it will be held sufficient. But if the parties shall choose to resort to the technical forms applicable to a court of record, the ordinary rules of pleading will be applied, and a demurrer will reach back to the first fault in the pleadings.

When a party claims for work and labor done and performed under a special contract, he must set out the contract, and aver performance on his part.

When the written or express agreement between the parties remains in force, a resort to an implied contract cannot be allowed.

When the special contract remains open, the plaintiff's remedy is on the special contract, and he must set it forth specially in the declaration.

In justice's courts, as in other courts, the allegations and the proofs must correspond, so far as they relate to the cause of action.

This cause comes here by writ of error issued to the Rock County Court.

The cause was originally commenced before a justice of the peace in said county, by the plaintiff in error against the defendant in error. The plaintiff declared in plea of assumpsit, for that the said defendant was, on the 1st day of May, 1850, indebted to the said plaintiff in, &c., for work and labor; also for goods, &c., and for money lent; and also for work and labor before that time done and performed, by plaintiff for the defendant, by virtue of a contract, and on divers contracts concerning said work and labor; als�ematched

for damages for the non-performance and non-fulfil-
ment of contract concerning work and labor, and di-
vers other contracts entered into before the time
above mentioned ; all of which the said defendant, by
the said plaintiff, has been requested to pay, but hith-
erto wholly neglects and refuses, &c.

To which the defendant pleaded the general issue,
and gave notice ; that the action was brought to re-
cover for work done and performed under a special
contract, a copy of which was annexed, as follows :

"Articles of agreement entered into between Asa-
hel Tidball and Andrew J. Maynard, both of Ful-
ton, Rock county, Wis. Said Andrew J. Maynard
does hereby agree to complete a stone building in the
Indian Ford (which building is commenced, and base-
ment already built) for said Tidball, as follows, viz :
Said Maynard is to lay the side walls sixteen inches
thick, and the end walls eighteen inches thick, two
stories high, with a fire-place in the basement, and
chimney carried up in the end wall so as to appear
in the center on the top, and a chimney in the center
of the other end wall, to commence at least two feet
below the upper ceiling ; makes the mortar, tends
and boards himself. The west end is to be coursed,
and the rest plain rough work. The work to be done
substantial, and finished in a workmanlike manner.
The price of the first story is to be four dollars per
cord, and the second six dollars per cord ; measuring
the walls according to aforesaid thickness, including
openings ; and said Maynard to open a space in south
wall of basement for a window ; throw off some wall
built above the joist on east end ; construct the fire-
place in the basement ; carry up said chimneys and
top them out, and project cornice, with frieze sixteen

inches wide, projecting one and half inch, and coping stone projecting, if thought best, in the bargain, without extra charge ; said Maynard is also to plaster said building for seven cents per square yard, two coatings, and basement one coat for four cents per yard, and three cents per yard for any lathing he may do. In compensation for which, said Tidball agrees to give said Maynard a clear title of part of lot eighty-three (83) in the town of Fulton, Rock county, Wisconsin, being part or parcel of lot eighty-three (83), as appears from the plots of the school and university lands now on record in the office of Secretary of State, and being the east end of said lot No. 83, to a line running nine rods from the west end of said lot, and parallel to said west end, by the first of January next, for seventy-five dollars, and said Tidball's account and demand against L. E. Lane, of Fulton, Wis., at twenty per cent. discount. Said Tidball is to furnish stone, lime and sand for said building, within reasonable distance for tenders, not to exceed four rods from building ; and furthermore furnish and prepare all timber and wood necessary to put in said building as fast as the mason-work requires—such as joist, window-frames, &c. ; said building is to be completed on or before the sixteenth of October next. Signed and witnessed this 6th day of August, 1852.

"A. Tidball,

"A. J. Maynard."

That said Maynard has not yet finished said contract, and is not entitled to anything until he does finish it ; and that then he must be paid in the manner specified in said contract.

All the other matters pertaining to the case sufficiently appear in the opinion of the court.

*J. A. Sleeper*, for plaintiff in error, made and ar- gued the following points: The declaration in this cause, although not very formal, yet having been filed in a justice's court, where strictness in pleading is not required, unless objection be taken at the time of filing it, was sufficient to entitle the plaintiff to recover for work and labor done under the contract offered to be read in evidence, though payable in specific articles, and not in money. *Young vs. Rummell*, 5 *Hill*, 60.

The contract was also properly receivable in evidence on the trial, as evidence of the plaintiff's right to recover for work done by the plaintiff on the building, but not embraced within his contract.

*Trusdell, Jordan & Bennett*, for defendant in error.

1. When labor is performed under a special contract, and payment is to be made in property instead of money, the declaration should be upon the special contract. It should allege a special request to the defendant, to perform his part of the contract. Such a request is in the nature of a condition precedent, and must be averred and proved. 5 *Term Rep.* 409 ; *Sir W. Jones*, 56 ; 1 *East*, 204; *Com. Dig.* 69 ; 1 *John. Rep.* 327 ; 13 *Wend. Rep.* 285–7 ; 1 *Chitty*, 329 *to* 345 ; 1 *Bibb.* 437 & 595 ; 2 *Munford*, 345 ; 3 *Monroe*, 404 ; 1 *H. Bl.* 287 ; 3 *Campbell*, 352.

2. It appears from this case, that the work performed by the plaintiff was to be paid for by conveying to him certain lands, and an account which Tidball had against Lewis E. Lane. It was therefore incumbent upon the plaintiff to aver and prove a *special demand* to the defendant to convey the lands and deliver the account ; and the general averment of " although often requested

so to do," is not sufficient. 1 *Ch. Pl.* 330; 1 *Saunders*, 33; 5 *Term R.* 409; 14 *East*, 300.

3. The declaration in this case is so entirely insufficient, that it would be held bad upon motion in arrest of judgment. It does not even allege any *promise* to pay; nor does it allege, or attempt to allege, any request to the defendant to perform his part of the contract. 1 *Ch. Pl.* 672 *to* 683; 7 *Term R.* 68–125.

*By the Court*, CRAWFORD, J. In this case, which originated before a justice of the peace in Rock county, the plaintiff in error, who was the plaintiff in the action, obtained a judgment in the justices' court for eighty-five dollars damages, and costs, and the defendant removed the case by appeal to the County Court of that county.

On the trial of the case in the County Court, upon the same issue tried before the justice, the plaintiff offered to read in evidence a certain contract entered into by the parties to the suit, whereby Maynard agreed to perform the mason work and plastering necessary in the construction of a stone building for Tidball; in compensation for which work, Tidball agreed to give to Maynard "a clear title" to certain real estate in Rock county, and his (Tidball's) account against L. E. Lane, of the same county. To the introduction of this instrument as evidence, the defendant objected, and the County Court sustained the objection and rejected the evidence. There were several witnesses examined on the trial, from whose evidence, a jury having been waived, the judge of the County Court gave judgment for the plaintiff for two dollars and fifty cents damages, and costs. To reverse this judgment, the plaintiff sued out a writ of error.

The only question in the case is, whether the written contract was properly rejected. The plaintiff in the action filed with the justice of the peace a *written* declaration for work and labor performed, for goods, wares and merchandise sold and delivered, and for money lent and advanced. There were also two counts in the declaration, in the following words:

"Also for work and labor before that time done and performed by plaintiff for defendant, *by virtue of a contract, and on divers contracts concerning said work and labor*.

"Also for damages for the non-performance and non-fulfilment of contract concerning work and labor, and divers other contracts entered into before the time above mentioned," &c. To this declaration, the defendant filed a plea of the general issue, accompanied with a notice that the work and labor sued for was performed under a special contract, of which a copy was given, and that the plaintiff Maynard had not completed the work, and was not entitled to be paid until the work was finished, and that payment was to be made in the manner specified in the contract.

We are disposed to indulge in a liberal construction of the pleadings and proceedings before justices of the peace, where we can do so with a proper regard for the rights of the parties, and especially so in cases where they present their causes of action or matters of defence in the form of *oral statements* to the justice. If the allegations in such cases be substantially sufficient, the want of form ought not to be esteemed a serious defect. But when the parties to a suit in a justice's court resort to formal written pleadings, and a question as to their sufficiency in form and substance is

*Dec. Term 1853.*

*Maynard vs. Tidball.*

brought before us, we must apply to them the ordinary rules of pleading. We did so at the last term, in the case of *Goodrich vs. Compound School District, No. 5, in the Towns of Milton and Fulton*, and we must do so in this case.

A glance at this declaration will satisfy any pleader that it is wholly defective in substance, not only in respect to the contract offered in evidence, but in other particulars. It is enough, however, to say, that from the pleadings it appears that the written contract *remained unperformed;* and although the common count in *indebitatus assumpsit* may be maintained upon a special contract to recover the stipulated price, where the contract is not under seal, and has been fully executed, yet it would certainly be contrary to every correct notion of the law to permit a party to resort to an implied contract, when the parties have entered into an express agreement which remains in force. "There can be no doubt," says Judge Story, in *The Chesapeake & Ohio Canal Co. vs. Knapp and others,* 9 *Peters,* 565, "that where the special contract remains open, the plaintiff's remedy is on the contract, and he must set it forth specially in his declaration." See also, *Burlingame vs. Burlingame,* 7 *Cowen,* 92; *Robertson vs. Lynch,* 18 *John.* 451.

The case of *Young vs. Rummell,* 5 *Hill,* 60, to which we have been referred, is, we think, clearly distinguishable from the present one. There, the suit was brought "*for moneys due on contract (lost by fire),*" &c., and in the very words used, a satisfactory reason appears why the plaintiff did not and could not count specially on the instrument—it had been destroyed by fire. But in this case the plaintiff held a written contract, upon which he should have declared his

right to recover, and there is no reason apparent for
his omission to do so.

In justices' courts, as in other courts of law, the allegations and the proofs must correspond, so far as they relate to the cause of action. "Although the pleadings in justices' courts are liberally construed, we cannot wholly overlook matters of form. The declaration must show that the plaintiff has good cause of action, *and on the trial, the proof must be confined to such a demand* as is set up in the pleading." *The People, ex rel. Fuller & Wife, vs. The Judges of Oneida C. P.* 21 *Wend.* 20.

We believe that the written contract, when offered in evidence, was properly rejected; and as we perceive no error in the case, affecting the plaintiff in error, we must affirm the judgment of the County Court.