## FOBES *vs.* SCHOOL DISTRICT.

APPEAL FROM CIRCUIT COURT, JEFFERSON COUNTY.

Heard September 22, 1859.]                    [Decided December 14, 1859.

*School Districts—Public Officer—Pleading—Justice of the Peace—Amendment—Schools.*

A director of a school district can recover of the district the amount of necessary expenses which he may have been put to, or incurred, in the prosecution, or defense of a suit, brought by or against the district, of which he is an officer, and who is obliged by his office to appear on behalf of such district; but before he can maintain such suit, he must present his account to some district meeting, and give the voters an opportunity of acting upon it, and making provision for its payment.

Where a director of a school district commenced a suit before a justice of the peace, against his district, for expenses, and filed a written complaint, without averring that he had ever presented his account at any school district meeting, or district board, or given the voters any notice of his claim; held, that this complaint was wanting in a material averment, and it was not competent for the plaintiff, under it, to prove a notice to the district.

In actions commenced before justices of the peace, parties will not be held to strict rules of pleadings, unless they resort to written pleadings, in which cases the pleadings must contain all necessary substantial averments.

The cases of *Maynard vs. Tidball,* 2 Wis., 34; *Goodrich vs. Compound School District No. 5,* id., 102; *Philips vs. Bridges,* 3 id., 270; *Lester vs. French,* 6 id., 580, considered and approved.

When the complaint is insufficient, the court will, on a proper application, grant an amendment so as to let in the testimony necessary to the maintenance or defense of an action.

The facts of this case are sufficiently stated in the opinion of the court.

*Enos, Hall, & Mulberger,* for plaintiff in error.

*Gill & Barber,* for defendant in error.

*By the Court,* COLE, J. We do not entertain a doubt but that a director of a school district can recover of such district

the amount of any necessary expenses which he may have been put to, or incurred, in the prosecution or defense of a suit, brought by or against the district of which he is an officer. The law expressly requires that he shall appear for and on behalf of the district in all suits brought by or against the district, when no other direction shall be given by the qualified voters of such district, at a district meeting. Section 18, chap. 80, Ses. Laws, 1854; same provision in section 17, chap. 19, R. S., 1850. And the legislature could not have intended that if the director paid fees, and incurred expenses in discharging this duty thus enjoined upon him, that he should not have his remedy against the district for money thus expended in its behalf. Such a construction of the statute would be unreasonable, and is not to be adopted. But still, we think, that before an officer should be permitted to maintain an action against a school district for such charges, he ought to present his account at some district meeting, and give the qualified voters an opportunity of acting upon it, and making provision for its payment, otherwise how could the people of the district know any thing about the amount of the claim, or possibly take any proper steps to settle it. As between individuals, it has been held that upon a promise to pay all costs in a suit referred to, there must be, before the action is brought, notice of the amount, and the rule is reasonable *Wright vs. Smith,* 19 Vt. R., 110, and authorities referred to.

The reason is much stronger for requiring an officer of a school district to present his claim, or give some notice of it, at a school district meeting, or to the district board as a condition to maintaining a suit upon it. The qualified voters of the district might be entirely willing to allow the claim, and vote a tax to pay it, and yet could not do so, unless the matter was presented at some district meeting, or some notice thereof given to the district.

The present action was commenced before a justice of the peace. The complaint was in writing, but contained no allegation that the appellant ever presented his account at any school district meeting, or gave the qualified voters of the district, or the district board, any notice whatever of his claim. The case went up by appeal to the circuit court, and it is not claimed that the appellant, on the trial in that court, offered evidence to show that he had ever presented his claim to any district meeting, or gave the district board proper notice of it before suit brought. Some evidence was offered to show that the district board knew of the existence of the appellant's demand, before the commencement of the suit, and had determined not to pay it. This testimony was objected to as inadmissable under the complaint, no notice being averred, and the objection was sustained. The only difficulty I have had in the case, grows out of the refusal of the court to admit this testimony under the complaint. In several cases, however, passed upon by this court, it has been decided, that in actions commenced before justices of the peace, parties will not be held to strict rules of pleadings, unless they resort to written pleadings, in which cases the pleadings must contain all necessary substantial averments. *Maynard vs. Tidball*, 2 Wis., 34; *Goodrich vs. Compound School District No. 5*, id., 102; *Philips et al. vs. Bridges*, 3 id., 270; *Lester vs. French*, 6 id., 580.

This complaint contains no averment that the appellant had given the school district, or district board, notice of the amount of his demand, which was a material, substantial allegation, and therefore within the principle of the above cases. I think the evidence was properly rejected. It was, undoubtedly, competent for the court to permit the appellant to amend his complaint, so as to let in the testimony offered; but this the appellant did not ask leave to do.

The order of the circuit court, granting the nonsuit, is affirmed.

Dixon, C. J., took no part in the decision of this case, as the same was tried before him at the circuit.