McCAFFREY, Respondent, vs. SCHOOL DISTRICT No. 1 OF MONTELLO, Appellant.

*March 12 — April 25, 1889.*

*Attorney at law: Employment by school district: Public officers.*

The plaintiff, an attorney at law, was employed by the director of a school district to defend a suit against it in justice's court. That suit was discontinued and another one on the same cause of action commenced in the circuit court. Thereupon the electors of the district appointed a committee of three, of which the plaintiff was a member, to conduct the defense; and at a subsequent meeting of the electors a proposition to rescind the appointment of such committee was voted down. *Held*, that there was a valid employment of the plaintiff as an attorney by the district, and that he was entitled to compensation for his services. The committee were not public officers whose services would be deemed to be gratuitous.

APPEAL from the Circuit Court for *Marquette* County. Action to recover for services rendered by the plaintiff, as attorney and agent for the defendant, in the defense of actions brought against said defendant by Dr. S. A. Pease. The facts will sufficiently appear from the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant the cause was submitted on the brief of *J. C. McKenney* and *John Barry.* They contended, *inter alia*, that, there being no express contract to pay the committee appointed by the electors, none can be implied.

*Sikes v. Hatfield*, 13 Gray, 347. The committee could not employ the plaintiff, he being one of their number. *Smith v. Albany*, 61 N. Y. 444; *Collier v. Munn*, 41 id. 143; *Pickett v. School Dist.* 25 Wis. 551; *Sikes v. Hatfield*, 13 Gray, 347.

For the respondent there was a brief by *Stark & Sutherland*, and oral argument by *Geo. E. Sutherland*. They argued, among other things, that by accepting the services rendered by the plaintiff and receiving the benefits thereof without objection the defendant became liable to pay for such services even if there were no original valid contract of employment. *Fister v. La Rue*, 15 Barb. 324; *Woodbridge v. Addison*, 6 Vt. 207; *People v. Swift*, 31 Cal. 26; *Hoyt v. Thompson's Ex'r*, 19 N. Y. 218; *Peterson v. Mayor*, 17 id. 449; *Crawshaw v. Roxbury*, 7 Gray, 374; *Sproat v. Porter*, 9 Mass. 300; *Burrell v. Nahant Bank*, 35 Am. Dec. 395; *Merchants' Bank v. Central Bank*, 44 id. 665; *Pickett v. School Dist.* 25 Wis. 551. To the point that the committee might contract with or through one of their own number, and deal with themselves, and the district be bound to make compensation, they cited *Thompson v. School Dist.* 71 Mo. 495; *Cook v. Berlin W. M. Co.* 43 Wis. 439; *Brown v. School Dist.* 55 Vt. 43; *Kingsbury v. School Dist.* 12 Met. 99; *Junkins v. Union School Dist.* 39 Me. 220.

COLE, C. J. The contention of the defendant that it does not appear that the plaintiff was ever employed by the school district as an attorney, cannot be maintained in view of the evidence. Dr. Pease had sued the district to recover for legal services which he had rendered it. He brought his first suit in justice's court. The director of the district employed the plaintiff to defend that action. That suit was discontinued by Dr. Pease, but the plaintiff went to Westfield to attend to it. The referee and court so found, and the fact is clearly established by the testimony. Dr. Pease

immediately commenced a suit in the circuit court on the same cause of action in November, 1880. On the 4th of December, 1880, there was a special meeting of the electors of the district in pursuance of a legal notice given by the clerk, at which meeting the question of paying Dr. Pease $120, in satisfaction of his claim for services, was discussed, and the proposition was voted down. Then a motion was made and adopted that a committee of three be appointed,— of which the plaintiff was one,— to conduct the defense of the district against the suit of Dr. Pease. This certainly must be deemed a contract of employment by the voters of the district of the plaintiff to attend to that litigation and to protect the interests of the district therein. But this is not all. The evidence shows that another special meeting of the electors was held on the 18th of the same month, when a proposition was made to rescind the action of the previous meeting appointing a committee to defend the suit of Dr. Pease against the district, and this proposition was defeated. It seems almost like trifling with the good sense and intelligence of a court to claim, after this action of the electors of the district, that there was no employment of the plaintiff as an attorney by them. If language means anything, the proceedings show that the electors of the district as a body employed him to attend to this litigation. Two of the committee it appears were lawyers. Presumably the electors knew that fact, and therefore selected them to attend to the litigation against the district. What else was it expected the members of the committee would do when appointed to conduct the defense of the action than that they would give it their personal and professional attention? If this was not the expectation of the electors of the district, we confess we are at a loss to understand their action. It would be a useless waste of time to discuss further the question whether there was a valid contract of employment of the plaintiff.

The intention to employ him as an attorney is most clearly manifested by the proceedings of the district meetings to which we have alluded. Besides, if the evidence was less clear and conclusive as to the original employment, there is ample testimony that the legal services were rendered with the full knowledge of the officers of the district, and the district availed itself of such services and received the benefits of them. In other words, the district ratified and sanctioned the contract in regard to the services. There can be no doubt, under the statute, as to the power of the electors of the district at the meetings called to give direction and make such provision as they might deem necessary in relation to the defense of the action brought against it. R. S. sec. 427, and sec. 430, subd. 15, confer ample authority on the district to make all such provision. And, as the electors themselves saw fit to employ the plaintiff to conduct the defense of the suit against the district, no reason is perceived why the district should not pay for the services what they were reasonably worth. Where no direction is given at a district meeting as to the prosecution or defense of an action, the law makes it the duty of the director to appear on behalf of the district, and he has power to employ legal counsel if he deems it necessary. R. S. sec. 442; *Fobes v. School Dist.* 10 Wis. 117. But, according to our view of the testimony, the electors of the district themselves employed the plaintiff as attorney to defend the action brought against the district by Dr. Pease. This employment as to this litigation continued after the second suit was brought in the circuit court which involved the same cause of action. Besides, the district at its annual meeting in July, 1881, while that action was pending, refused to adopt a resolution discharging the committee theretofore appointed to conduct the defense of the district against this claim.

It is assumed on the part of the defendant that there was

no employment of the plaintiff, except such as was made by the committee of which he was a member. It is insisted that such an employment would be invalid, because the committee could not lawfully contract with one of its own members; that it would be a violation of the duty which the committee owed the district to allow them to do so. Where persons hold some fiduciary relation to others they cannot contract with each other in matters relating to such trust. This principle has been affirmed by this court in a number of cases. But the doctrine of those cases has no application here.

Another objection is that the committee stood in the relation of public officers to the district, and no one of them could claim compensation for the discharge of an official duty which he had undertaken to perform. The case of *Sikes v. Inhabitants of Hatfield*, 13 Gray, 347, is relied upon in support of this position. In that case a surveyor of highways sought to recover of the town compensation for his official services where the law made no provision for any such compensation. The court held there could be no recovery; that the services rendered were to be deemed gratuitous. But it seems to us plain that the committee in the present case were in no sense officers of the district where such a rule of law would apply. The committee had a duty to perform in behalf of the district, which was to protect its interests in the litigation against it by Dr. Pease. True, the district made no provision to compensate them for their services, but we cannot presume from that fact that the members of the committee were to render their services gratuitously. Nor did the district put its refusal to pay for such services upon that ground in its answer. Neither did the district deny its liability because the plaintiff had not presented to the board or to a district meeting an account containing all the items which he sought to recover for in this action. His recovery was in fact limited to $150, the

amount of his account as presented to the district meeting in July, 1885. At that meeting the district refused to pay anything on this claim; it denied all liability whatever for these services. The litigation against the district is unfortunate, and will have no end if the policy is adhered to of employing one attorney to contest and defeat, if possible, the claim of another attorney who has rendered services in a previous suit. But, so long as the electors indulge in the luxury of this litigation, they should be willing to pay for legal services rendered. After a full consideration of the case, we perceive no error on the trial which should reverse the judgment, and it is therefore affirmed.

*By the Court.*— Judgment affirmed.