Upshur, J.
The judgment of the county court in this case, was strictly within the scope of their jurisdiction and powers. They were the proper judges in the first instance, whether the proposed road ought to be opened or not. They *585 have decided that the public convenience did not require it, and that, all circumstances being weighed, it ought not to be opened. This judgment is conclusive upon the subject, and binding upon all the parties to the record, so long as it remains unreversed. Any party who considered himself aggrieved by that judgment, might have appealed from it; and if the appeal had been regularly taken and prosecuted, full justice in the premises might have been attained in that mode.
It is unnecessary to decide, whether the appeal that was taken in this case, was properly dismissed or not: for, if not, there was still an ulteriour tribunal, to which the party might have resorted by appeal. Not having done so, the dismissal left the judgment of the county court in full force. The effect of a mandamus, in such a case, would be, to compel the county court to reverse its own decision, and to enter another judgment, contrary to its views of the law and the right of the case. This is strictly the province of an appellate court, but it does not upon any principle, present a proper case for a mandamus.
A mandamus is the proper remedy in certain cases, to • compel an inferiour court to proceed to judgment; but we consider it very clear, that an erroneous judgment already pronounced cannot be corrected by that process, in any case where the party may have a different remedy.
The court is of opinion, and doth decide, that the mandamus is not the proper remedy in this case •, and, of course, that a peremptory mandamus ought to be refused.