## *Ex parte* Koon and others, executors of Koon.

A *mandamus* will not lie to compel a judicial tribunal to set aside a decision which it has made.

Where a court of common pleas by rule authorized a defendant to enter judgment *nunc pro tunc*, where the plaintiff had died after a report of referees made, in a case where this court would have denied the application for such rule on account of the delay in making it; *held* nevertheless, that a mandamus would not be granted to compel the common pleas to vacate the rule.

If the common pleas had authority to order the rule, a mandamus will not lie to control its discretion; if it had no authority, the remedy of the party aggrieved is by writ of error.

Motion for a mandamus to compel the judges of the court of common pleas of the county of Rensselaer to vacate a rule. A suit was pending in the C. P. in favor of Koon against Hutchinson, upon appeal by the defendant from a judgment recovered by the plaintiff before a justice of the peace. The cause was heard before referees, who reported for the plaintiff, but for a sum less by more than ten dollars than the amount recovered before

the justice. The referees offered the report to the plaintiff's attorney, who declined to receive it, and about thirteen months afterwards the plaintiff died. The court of common pleas, on the application of the defendant, granted a rule to the effect that the representatives of the deceased plaintiff might file a record and perfect judgment on the report, and upon their default therein that the defendant might within two terms after the plaintiff's death perfect such judgment, *nunc pro tunc.* This was granted in June, 1845, the plaintiff having died in September, 1843. The motion is made on behalf of the executors of Koon, the deceased plaintiff, for a mandamus to compel the C. P. to discharge the rule.

*J. Pierson,* for the executors.

*W. W. Seymour,* contra.

*By the Court,* BEARDSLEY, J. The plaintiff in the court of common pleas lived more than a year after the report of the referees was signed and ready for delivery, but during that time no step was taken by the defendant: nor did he move at all in the case until almost two years had elapsed from the time of the death of the plaintiff. After such great delay, for which no excuse appears, this court would have denied the application made in the court of common pleas, as altogether out of time, and that without looking at the question of power to aid the party applying, or entering at all into the merits of the particular application.

But we disclaim all right to control the decision of the court of common pleas, in a case like this, by a writ of mandamus. If that court has authority, at this late day, to perfect a judgment as the rule assumes, it will do so according to its own rules and practice, and its own sense of propriety and justice: and if, on the other hand, it has no such power, the aggrieved party will be entitled to redress by writ of error or other appropriate remedy. That court has passed upon the question before it, and the result, of which complaint is now made, is a judicial deter-

mination.  If that is erroneous it is a judicial error, which can-not be corrected by writ of mandamus.  The writ is appropriate to compel subordinate courts to proceed and determine cases pending before them.  It also lies to correct many errors of min-isterial officers, and even those of courts when in the exercise of mere ministerial functions.  But in no case does it lie to compel a judicial tribunal to render any particular judgment, or to set aside a decision already made.  ( *The People, ex rel. Doughty,* v. *The Judges of Dutchess C. P.,* 20 *Wend.* 658, *and cases there referred to.  See also The People, ex rel. Werckmeister,* v. *The Superior Court of the City of New-York, id.* 663; *The People, ex rel. Fuller,* v. *The Judges of Oneida C. P.,* 21 *id.* 20; *Morse, petitioner, &c.* 18 *Pick.* 443.) (*a*)

This is the settled doctrine of the court, and we entertain no doubt is in accordance with the law of the land.  Without therefore inquiring whether the court of common pleas did or did not transcend its rightful authority, or err in its exercise, in granting the rule complained of, the motion for a mandamus must be denied, but without costs.(*b*)

(*a*) *The People* v. *Tracy,* (*ante, p.* 617.)

(*b*) In another case decided at this term (*Ex parte Jacobs*) the application was to compel the judges of the C. P. of Delaware to vacate a rule setting aside an exe-cution issued by a justice of the peace upon a judgment rendered before him and docketed in the county clerk's office.  The C. P. had made such an order on the motion of the defendant, deriving their authority from 2 *R. S.* 246, §§ 116, 117, where the power is given to make such the upon application of a creditor com-plaining that the judgment is fraudulent.  BEARDSLEY, J. denied the motion, saying, " the C. P. have acted and decided, and whether right or wrong will not be deter-mined on an application for a *mandamus.*  If the court had no jurisdiction, the order is void.  If it had, it is strictly a judicial decision."