## BLECKER v. ST. LOUIS LAW COMMISSIONER.

1. If the error complained of in the proceedings of an inferior court can be redressed on appeal or writ of error, a mandamus will be refused by the supreme court.
2. Questions of jurisdiction as between the several courts of St. Louis county may be determined by the supreme court on appeal or writ of error.

*Application for a Mandamus.*

The facts of the case are sufficiently set forth in the opinion of the court.

*Coleman*, for applicant.

SCOTT, Judge, delivered the opinion of the court.

This is an application for a rule on the law commissioner to show cause why a mandamus should not issue against him requiring him to reinstate on the docket of his court an appeal from a justice's court which had been dismissed.

The suit was for rent, and was originally brought before a justice of the peace, from whose judgment an appeal was taken to the law commissioner's court, where it was dismissed for the reason that the commissioner was of the opinion that the appeal should have been taken to the land court. By law all appeals from justices of the peace are to be heard in the court of the law commissioner, except those (and those only) which relate to "land or any interest, claim or right therein," which are cognizable in the land court. Whatever may have been the extent of the exclusive jurisdiction of the land court prior to the act of 18th February, 1859, (Sess. Acts, 1859, p. 457,) we are of the opinion that the fourth section of that act which confers on the "St. Louis circuit and common pleas courts concurrent jurisdiction with the land court in all suits and actions except those for the direct recovery of the possession of real estate," has materially changed both the original and appellate jurisdiction of that court. As the policy of the law at first was to give the land court exclusive jurisdiction in those appeal cases from justices of the peace, the subject of which was matter of which the land court had exclusive jurisdiction in cases where the sum in controversy exceeded the jurisdiction of the justice, and as that policy is now abandoned and the jurisdiction of the land court in such cases is no longer exclusive but concurrent, there is no longer any reason for giving

the land court appellate jurisdiction in those cases in which it possesses only a jurisdiction concurrent with the other courts.

As questions of jurisdiction, as between the several courts organized for St. Louis, are matters that can be determined on appeal or writ of error, we are restrained from issuing a mandamus on this application. Questions of jurisdiction between the several courts of St. Louis county have frequently been decided on appeals and writs of error.

The rule is refused. Judge Ewing concurs; Judge Napton absent.