## MANUEL CARIAGA v. WILLIAM G. DRYDEN, COUNTY JUDGE OF LOS ANGELES COUNTY.

WRIT OF MANDATE.—A judgment rendered by a Court in a case where it had jurisdiction will not be disturbed by a writ of mandate, however erroneous.

WRIT OF MANDATE TO COUNTY JUDGE.—If a County Judge renders an erroneous judgment in a matter where he possesses jurisdiction, a writ of mandate will not be awarded to compel him to render a different judgment.

JURISDICTION OF JUSTICE'S COURT.—Three suits were commenced in a Justice's Court for the recovery of the same property, the value of which was less than three hundred dollars, which were consolidated; held, that the Court had jurisdiction of the action as consolidated.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The facts are stated in the opinion of the Court.

J. McM. Shafter, for Appellant, argued that the order was erroneous, as it commanded the kind of judgment which was to be entered, and cited The People v. Sexton, 24 Cal. 78; Ex parte Ostrander, 1 Denio, 679; People v. Supr. Greene, 12 Bar. 217; People v. Supr. Westchester, 15 Bar. 607; People v. Supr. Westchester, 24 Bar. 166.

Gitchell & Chapman, for Respondent, argued that mandamus was the proper remedy, and cited 2 Cal. 245; 4 Id. 177 7 Id. 276; 18 Id. 89; 22 Id. 35.

By the Court, CURREY, J.

Appeal from a judgment of the District Court of the First Judicial District granting a peremptory writ of mandamus directed to the defendant, commanding him to enter judgment in favor of Manuel Cariaga, plaintiff, against Thomas A. Sanchez and others, defendants, in accordance with the verdict of a jury in a certain action tried in the County Court of Los Angeles County. In August, 1864, Cariaga commenced three actions in a Justice's Court for the recovery of the possession of a certain quantity of barley. In one of these actions said Sanchez, Paul R. Hunt and J. Jacob Smith were defendants. In another, Sanchez, Hunt and Thomas Garvey were defendants; and in the third, Sanchez, Hunt and Samuel Shrewsbury were defendants. These several actions were for the same barley, alleged to be of a certain value less than three hundred dollars. On the application of the defendants they were consolidated, as authorized by section five hundred and twenty-six of the Practice Act, made applicable to Justices' Courts and actions therein, by section six hundred and thirty-five of the same Act. The plaintiff, upon the trial of the consolidated actions in the Justice's Court, had judgment. An appeal was taken on questions of law and fact to the County Court, where the same action was tried again before a jury, and a verdict was rendered for the plaintiff, whereupon the defendants moved in arrest of judgment, on the ground that the sum claimed in the action as consolidated exceeded the jurisdiction of a Justice's Court, and that of the County Court also on appeal. The motion was granted and the action dismissed. The plaintiff then applied to the District Court for a mandamus, to compel the County Judge to enter judgment in the consolidated action, in accordance with the verdict of the jury. An alternative writ was issued, to which the County Judge filed an answer. The District Court determined the issue joined in favor of the plaintiff, and a peremptory writ was accordingly issued, commanding the County Judge " to enter up judgment for plaintiff, in accordance with the ver-

dict of the jury in the case as of record, and as found by the jury," etc.   To this decision the County Judge excepted, after which he obeyed the peremptory mandate of the District Court.

The value of the property in the three actions which were consolidated, was less than three hundred dollars.   The verdict of the jury was that its value was two hundred and forty-three dollars and seventy-five cents.   The County Court, having jurisdiction, was in duty bound to enter judgment in accordance with the verdict.   But instead of this, the Court, having the power, ordered the judgment obtained in the Justice's Court to be reversed and the cause dismissed.   This was palpably erroneous, but as it was an act within the jurisdictional power of the Court, the wrong could not be redressed through the medium of a writ of mandate.   In the case of *The King* v. *The Justices of Monmouthshire*, 7 Dow. and Ryl. 334, the Court said : " When the Sessions forbear to give any judgment at all, this Court will interpose to compel them to go on and pronounce judgment; but when they have actually given judgment, even under a mistake of law, this Court has never yet interposed to disturb their decision."   (*People* v. *Sexton*, 24 Cal. 83, 84.)   In this case the County Court did go on and render a judgmant which could not be disturbed by means of a writ of mandamus.

The judgment awarding the writ of mandate must be and is hereby reversed.

Mr. Justice RHODES expressed no opinion.