## THE PEOPLE *ex rel.* M. A. WHEATON *v.* WILLIAM K. WESTON, COUNTY JUDGE OF SOLANO COUNTY.

STAMP ON APPEAL PAPERS.—On papers sent up on appeal from Justices' Courts no stamp is required under the Act of Congress requiring " writs or other process on appeal from Justices' Courts, or other Courts of inferior jurisdiction, to a Court of record " to be stamped with a fifty cent stamp.

MANDAMUS TO COUNTY JUDGE.—Mandamus will not lie to compel a County Judge to try a cause on the ground that he has improperly dismissed the appeal taken from a Justice's Court.

THIS was an original proceeding commenced in the Supreme Court, to obtain a writ of mandate requiring the County Judge of Solano County to proceed and try a cause which had been appealed from a Justice's Court.

The other facts are stated in the opinion of the Court.

*M. A. Wheaton,* in *pro. per.,* for Relator.

*G. W. McMurtrie,* for Respondent.

By the Court, SAWYER, J.

The County Court dismissed the appeal from the Justice's Court on the ground that there was no stamp on the return, under the provision of the Act of Congress requiring " writs or other process on appeal from Justices' Courts, or other Courts of inferior jurisdiction to a Court of record " to be stamped with a fifty cent stamp. The Court doubtless erred in dismissing the appeal. There is no "writ," or " process,". within the meaning of those terms required under our practice. If there is anything in the proceeding in any sense analagous to a " writ," or " process," it is the notice of appeal. The terms " writ," and " process," have well established legal significations, which do not include our notice of appeal, and these terms must be presumed to have been used in their established legal sense.

But the Court had jurisdiction to inquire and determine whether the appeal had been properly taken, and was then pending in that Court or not, and in determining that question acted judicially. The Court did not refuse to act, but acted, and judicially determined that the appeal had not been properly taken, and upon this ground dismissed it.

Where the act to be done is judicial in its character the writ will not direct in what manner the inferior Court shall act, but only direct it to act. It has been so held in many strictly analagous cases. (*Commonwealth* v. *Judges of Common Pleas, Phil. Co.,* 3 Bin. 275 ; *Ex parte Ostrander,* 1 Den. 681 ; *People* v. *Judges Oneida Com. P.,* 18 Wend. 92 ; *People*

v. *Judges of Dutchess C. P.*, 20 Wend. 659; *People* v. *Judges of Wayne Co.*, 1 Mich. 360; 3 Dal. U. S. C. 42; 9 Pet. 602; 1 Serg. & R. 187; 6 Pa. St. R. 470; Note to *Fish* v. *Weatherwax*, 2 John. Cases 217, Sec. 23, and cases cited; *Flagley* v. *Hubbard*, 22 Cal. 36; *People ex rel. Smith* v. *The Judge of the Twelfth District*, 17 Cal. 547; *People* v. *Sexton*, 24 Cal. 79; *People ex rel. Polhemus* v. *O. C. Pratt, Judge of the Twelfth District, ante*, 168.) The County Court has acted judicially, and as in most other cases within its jurisdiction, its determination, though erroneous, is final.

Mandamus denied.