THE PEOPLE *ex rel.* W. H. BLOOD *v.* A. P. MOORE,
COUNTY JUDGE OF PLUMAS COUNTY.

NUISANCES.—The County Courts have original jurisdiction of actions to prevent or abate a nuisance.

ACTION TO ABATE A NUISANCE.—An action to abate a nuisance is "a case in equity," and from judgment rendered in it an appeal lies to the Supreme Court.

WRIT OF MANDATE.—A writ of mandate will not be issued by the Supreme Court to a County Judge commanding him to recall an order made after final judgment, from which order an appeal could have been taken.

THE facts are stated in the opinion of the Court.

*H. H. Hartley,* for Relator.

The order asked for was not what could technically have been considered as an order after judgment in the sense used by the statute ; that only refers to orders in the main action or proceeding which the Court could make pending the appeal, and which directly modified or affected the principal judgment or order.

*Creed Haymond*, and *J. D. Goodwin*, for Defendant.

The judgment of the County Court of Plumas County, in the case of *Light* v. *Blood*, is final. (Section 4, Art. VI of Constitution ; Section 6, Art. VI, Id ; Section 8, Art. VI, Id ; Section 359 of Practice Act; *Middleton* v. *Gould*, 5 Cal. 190.) If, however, an appeal lies from that judgment,' then the order herein complained of by relator was also appealable, and his remedy ample. (*Gilman* v. *Contra Costa*, 8 Cal. 52.)

By the Court, SHAFTER, J.

One Light filed a bill in the County Court of Plumas County against the defendant for the purpose of abating an alleged nuisance and for damages. Judgment was entered in due course of proceedings, granting the equitable relief prayed for and damages to the amount of fifty dollars, and costs of suit taxed at three hundred and ninety-three dollars and eighty-five cents. A new trial was denied, on motion therefor, and the defendant, on the 1st of February, 1865, filed and served a notice of appeal from the order and judgment, and a statutory bond was filed within five days thereafter. Subsequently the County Judge, on the relator's motion, made an order staying proceedings on the judgment pending the appeal, on condition that the relator should file an additional bond in the sum of two thousand dollars. The relator complied with the order. The Clerk thereafter, by the direction of the Judge, issued to the Sheriff a copy of the judgment, together with an order to proceed and abate the nuisance. The relator, before any action on the part of the Sheriff, appeared before the Judge and exhibited to him the several undertakings, and moved for an order directing the Sheriff to return the papers into Court, and moved the Court also to approve the stay bond or to fix the penalty of a new one, to be filed as a substitute. Both motions were denied, for the Judge considered that there could be no stay in the case. On these facts we are asked to issue a mandamus to the County Judge, commanding him to recall

the order issued to the Sheriff and to enter a stay of proceedings.

Under the late amendments to the Constitution, County Courts have original jurisdiction of actions to prevent or abate a nuisance. A suit of that character is "a case in equity," and is therefore within the appellate jurisdiction of the Court. By the Judiciary Act of 1863, we may, amongst other things, review any order made after final judgment in any case to which our jurisdiction in error extends. The order of the County Court refusing the stay of proceedings, and its order refusing to recall the process directing the nuisance to be abated, were both made after final judgment, and could have been brought to this Court for review by appeal had the party seen fit to use that remedy. The result is that the application for a mandamus must be denied.

And it is so ordered.