## MANUEL CARIAGA *v.* W. G. DRYDEN.

AFFIDAVIT TO A PETITION FOR A WRIT OF PROHIBITION.—The affidavit to a petition for a writ of prohibition should state that the affiant has either knowledge or information concerning the matters stated in the petition.

WHEN PETITION FOR WRIT OF PROHIBITION WILL BE DISMISSED.—If the application for a writ of prohibition is submitted on the petition and answer, and the answer denies the material allegations of the petition, the petition will be dismissed.

*Per* SAWYER, J., CURREY, C. J., *concurring:*

WRITS OF MANDATE.—District Courts have jurisdiction to issue writs of mandate regardless of the amount involved in the action.

PETITION to the Supreme Court for a writ of prohibition.

The petitioner was plaintiff in the case of *Cariaga* v. *Dryden*, reported in 29 Cal. 307. He alleged in his petition that the

County Judge threatened to set aside the judgment rendered by the County Court of Los Angeles County, in the case of *Cariaga* v. *Sanchez et al.*, in obedience to the writ of mandate issued by the District Court of Los Angeles County. The facts in relation to this judgment are reported in *Cariaga* v. *Dryden*, 29 Cal. 307.

The following was the affidavit to the petition:

"A. B. Chapman, being first duly sworn, deposes and says, that he is of counsel for Manuel Cariaga, the petitioner in this cause, and he makes this affidavit because he is better acquainted with the facts than said Cariaga, and because the said Cariaga is absent, and affiant cannot communicate with him at present. And affiant says that he has read the foregoing petition, and he believes the same to be true."

*A. B. Chapman*, for Petitioner.

*W. G. Dryden*, in *pro per.*, for self.

By the Court, SHAFTER, J.:

The petition alleges that the County Judge of Los Angeles County threatens to set aside a judgment in favor of petitioner remaining in the County Court, and that the Judge has no jurisdiction to do so, inasmuch as the term of the Court at which the judgment was entered has long since transpired. The defendant has answered denying the threat imputed, and disclaims all intention to set aside or otherwise interfere with the judgment. The case is submitted upon the pleadings.

The petition is not properly verified. The affidavit is made by the petitioner's attorney; but while the affiant states that he believes the petition to be true, he fails to state that he has either knowledge or information concerning it. We cannot notice a petition for a writ of prohibition that is not supported by a proper affidavit. Treating the petition, however, as an unverified pleading, it is sufficiently met by the unverified

answer of the respondent, denying the leading allegation of the petition.

The petition must be dismissed, and it is so ordered.

SAWYER, J., concurring specially:

I fully concur with Mr. Justice Shafter in the grounds upon which the decision is based as well as in the result, and I think the order to show cause was improvidently issued. The ground relied on to sustain the writ of prohibition, is, that the judgment of this Court in *Cariaga* v. *Dryden*, 29 Cal. 307, is void for want of jurisdiction to render the judgment, and the alleged want of jurisdiction is based upon the fact that the verdict of the jury in the County Court of Los Angeles County, upon which the District Court in the case of *Cariaga* v. *Dryden* required the County Court, by peremptory mandate, to enter judgment, was less than three hundred dollars. But the amount in question was not the gravamen of the proceeding for a mandate in the District Court, or the test of jurisdiction. The only question upon which that proceeding was, or could be based, was, whether the County Judge had neglected or refused to act upon a matter in which it was his duty to act, and not whether he had erred in the action taken upon a subject matter within his jurisdiction. The test of the jurisdiction of the District Court was the character of the subject matter, and not the amount involved in the suit in the County Court. Had the amount involved been the test of jurisdiction, the District Court itself would also have been without jurisdiction. But it was held by this Court in *Perry* v. *Ames*, 26 Cal. 372— in which decision I now acquiesce—that the District Courts have jurisdiction to issue writs of mandate. This being so, it follows that this Court has jurisdiction on appeal from the judgments of the District Court in that class of cases; for the provision of the Constitution conferring appellate jurisdiction on this Court is as broad as that conferring original jurisdiction upon the District Courts. This Court, therefore, had

jurisdiction to enter the judgment awarded.  On this ground, also, the petition should be denied.


CURREY, C. J., concurring:

I concur in the judgment on the grounds stated in the opinions of both Mr. Justice Shafter and Mr. Justice Sawyer.