### George Weeden v. Town Council of Richmond.

A judicial error cannot be corrected by writ of mandamus. The writ lies to compel subordinate courts to proceed with and determine cases pending before them; to correct many errors of ministerial officers, and even those of courts when in the exercise of mere ministerial functions, but does not lie to compel a judicial tribunal to render any particular judgment, or to set aside a decision already made.

Hence, an application that a writ of mandamus might issue to the town council of the town of Richmond, commanding them to place the relator's name on the voting list of said town, or show cause why they should not do so, was refused, the action of a town council, sitting as a board of canvassers, under authority of chap. 24, § 15, of the Revised Statutes, being judicial in its nature.

The Supreme Court will not give an opinion for the guidance of parties, or of an inferior tribunal, in a case not properly before them, over which they have no jurisdiction, although it is desired by all parties to the cause.

Petition for a writ of mandamus, to be issued to the town council of the town of Richmond, commanding them to place the name of the relator on the voting lists of said town, or show cause why they should not do so.

At the hearing of the petition, certified copies of the records of the town council of the town of Richmond containing their proceedings with reference to the displacement of the relator's name from their voting lists, were presented. The material facts are as follows :—

"At a meeting of the town council of Richmond as a board of canvassers, on the 30th day of May, 1868, it was moved that the name of George Weeden be stricken from the voting list as a non resident of this town, the said Weeden claiming his residence in this town, and presented a certificate from the City Clerk of the city of Providence, that he was not on the voting list of said city. The board taking the same into consideration, and voted as follows, for striking off said Weeden's name: John L. Kenyon, Reynolds Lillibridge, 2d, Sylvester Woodmansee, Silas C. Crandall, and for not striking it off, Nathan Moore, whereupon the name was ordered to be stricken from the list."

The relator thereupon presented a petition to said town council, praying that the above order striking his name from the list of voters might be revoked, and his name be restored to the voting list, whereupon the following proceedings were had, as appears by the certified copies of their town council records:

"In Town Council, Richmond, August 3d, 1868.

Upon the petition of George Weeden, to have his name restored to the voting list of this town, being read, and Mr. Weeden being present, was questioned by the council as to his residence, &c. The council taking the same into consideration, voted, that the future consideration thereof be postponed to the first Monday in September next."

"In Town Council, Richmond, September 7, 1868.

"Upon the petition of George Weeden being again called up and debated, and Mr. Weeden being present, was heard. The council, upon consideration of the subject, voted unanimously that the prayer of said petition be not granted, and the name of George Weeden be not returned to the voting list of this town."

The decision of the court is based upon grounds which render it unnecessary to recite the evidence adduced by the parties at the hearing.

*Hazard and Parkhurst*, for the relator.

*Currey*, for the respondents.

Weeden *v.* Town Council of Richmond.

DURFEE, J.   The relator alleges that he is a resident of the town of Richmond, and a legally qualified voter therein for general officers, and has been such for more than fifteen years last past; that on the 30th of May, 1868, the town council of said town voted to strike his name from the list of voters in said town, and that on the first Monday of September, 1868, said town council, being requested by him to restore his name to the voting lists, refused so to do.   He prays that a writ of mandamus may issue to said town council and the members thereof, commanding them to place his name on said list, or to show cause why they should not do so.   The statute under which town councils act as boards of canvassers, provides, (Rev. St. Ch. 24, § 15,) that " no name shall be stricken from the voting list by any board of canvassers, unless proof shall be presented to said canvassers that such name is the name of a person not qualified to vote, or who may not be qualified according to the provisions of this title;" and also provides, in section 20 of the same chapter, that " said town councils may, at their sessions, holden either for the purpose of revising the registry, or canvassing the votes as aforesaid, examine, under oath, the person whose right to vote is disputed, or any other person present, and may receive any other evidence offered, that they deem necessary, respecting the right of any person to have his name upon the registry, or to vote, and shall decide upon the same."

These provisions contemplate that the action of town councils sitting as boards of canvassers, shall be judicial in its nature. It does not appear by the copy which is produced by the relator of the record of the proceedings of the respondents, that any proof was offered on which the relator's name was stricken from the voting list; but it does appear that the relator was present, and presented in his own behalf a certificate of the city clerk of the city of Providence, that he was not on the voting list of said city ; and that, on his petition to have his name restored, he was present and was questioned by the town council, and, at an adjourned session, was heard, before the vote was taken not to restore his name ; and he does not allege in his application that

the action of the town council was irregular in any respect in not having evidence, or proper evidence, before them, nor urge the granting of the application on any such ground, but simply on the ground that their decision was erroneous, for the reason that he is still a resident of Richmond and qualified to vote therein.   Virtually, he asks us to review the decision of the town council of Richmond, upon evidence which he has put before us, and reverse it.

We do not think it is within our province to proceed thus on an application for a writ of mandamus.   The rule upon this subject is, we think, correctly stated in *ex parte* Keon and others, 1 Denio, 644, which was a motion for a mandamus to compel the judges of the Court of Common Pleas of the county of Rensselear to vacate the rule.   The writ was refused, and Beardsley, J., in delivering the opinion of the court, said: " That court, (meaning the Court of Common Pleas,) has passed upon the question before it, and the result, of which complaint is now made, is a judicial determination.   If that is erroneous, it is a judicial error which cannot be corrected by writ of mandamus.   The writ is appropriate to compel subordinate courts to proceed and determine cases pending before them.   It also lies to correct many errors of ministerial officers, and even those of courts when in the exercise of mere ministerial functions. But in no case does it lie to compel a judicial tribunal to render any particular judgment, or to set aside a decision already made." See also *Judges of the Oneida C. P.* v. *The People,* 18 Wend. 79 ; *The People* v. *The Judges of Dutchess C. P.,* 20 Wend. 658 ; *Chase et al.* v. *The Blackstone Canal Co.,* 10 Pick. 244.

In this case the assent of counsel on both sides was given, that the court should express their opinion upon the matter submitted to them, without regard to the question of jurisdiction by the writ of mandamus.   We, however, think it is our proper function to give decisions in cases which are properly before us, and not to give opinions for the guidance of parties or tribunals in cases which are not properly before us.   If, having no jurisdiction, we should give an opinion in favor of the relator, we could not enforce it, and if we should give an opinion

against him, we should merely dismiss his application, as we now do, for want of jurisdiction, upon the grounds on which we are asked to issue the writ.

*Application dismissed.*