### SEVIER *v.* HASKELL.

The Supreme Court of Arkansas ordered judgment for a plaintiff suing on a note given for the price of slaves. Subsequently to this the State of Louisiana ordained as part of its constitution, "that all contracts for the sale or purchase of slaves were null and void, and that no court of the State

---

\* *Supra,* p. 9, the preceding case.

should take cognizance of any suit founded upon such contracts, and that **no amount** should ever be collected or recovered on any judgment or decree which had been, or should thereafter be, rendered on account of any such contract or obligation." On application by the defendant in the suit to supersede and perpetually stay all proceedings on the judgment against him, the Supreme Court overruled the application. The case being brought here under an assumption that it was within the 25th section, *held* that it was not so; and ·the case was dismissed for want of jurisdiction accordingly.

MOTION by *Mr. S. W. Williams* to dismiss, for, want of jurisdiction, a writ of error to the Supreme Court of Arkansas, taken under an assumption that the case fell within the 25th section of the Judiciary Act, quoted *supra*, pp. 5, 6. The plaintiff in error was Sevier, administrator of Jordan; the defendant in error Haskell, administrator of Smith.

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

The case, so far as it is necessary to state it, was a proceeding in equity to foreclose a mortgage given by the intestate of Sevier to the intestate of Haskell, to secure the payment of four promissory notes therein described, and the accruing interest. The answer set up as a defence that the consideration of the notes was the purchase of eighty-five slaves by Jordan of Smith; that the slaves had since become emancipated and lost to the estate of ·Jordan, and that the consideration of the notes had thus wholly failed. The Circuit Court, at the May Term, 1867, decreed that the bill should be dismissed and the complainant pay the costs. The case was appealed to the Supreme Court of the State, and that court, at the December Term, 1867, reversed the decree and remanded the cause to the Circuit Court, with directions to enter, a decree for the. complainant, which was accordingly done.

The plaintiffs in error applied to the Circuit Court at the November Term, 1868, for an order that all further proceedings upon the decree should be superseded and perpetually stayed, for the reason that, on the 11th day of February, 1868, since the decision of the Supreme Court of the State

in the case was made, it was ordained by the constitution of the State then adopted, that all contracts for the sale or purchase of slaves were null and void, and that no court of the State should take cognizance of any suit founded upon such contracts, and that no amount should ever be collected or recovered on any judgment or decree which had been, or should thereafter be, rendered on account of any such contract or obligation. The Circuit Court overruled the application, and the plaintiffs in error excepted. The case was again taken to the Supreme Court of the State and that court affirmed the decision of the lower court.

Where the judgment of a State court is brought into this court for review, to warrant the exercise of the jurisdiction invoked, the case must fall within one of three categories—

(1) There must have been drawn in question the validity of a treaty or statute of—or an authority exercised under—the United States, and the decision of the State court must have been against the validity of the claim which either is relied upon to maintain; (2) or there must have been drawn in question a statute of, or an authority exercised under, a State, on the ground of their being repugnant to the Constitution, a law or treaty of the United States, and the decision must have been in favor of the validity of the State law or authority in question; (3) or a right must have been claimed under the Constitution or a treaty or law of, or by virtue of a commission held or authority exercised under the United States; and the decision must have been against the right so claimed.*

The case before us is within neither of these classes. Before the State constitution of 1868 was adopted, the Supreme Court must have proceeded upon the general principles of the jurisprudence of the State. Whether in applying those principles that tribunal reached the proper conclusions, cannot be a subject of consideration by this court. We have no authority to enter upon such an inquiry. After the con-

---

\* 14 Stat. at Large, 386.

stitution of 1868 was adopted, the plaintiffs in error relied upon that, to annul the decree which had been rendered. The Supreme Court affirmed the validity of the decree, the provision in the State constitution relied upon to the contrary notwithstanding.

Here, again, no Federal question is presented. What considerations controlled the judgment of the court is not disclosed in the record. If it were held, as it well may have been, that the provision in the Federal Constitution which forbids any State to pass a law impairing the obligation of contracts, protects from the operation of the State constitution slave contracts made prior to its adoption, as the contract here in question was sustained and enforced, still no question arose of which this court can take cognizance. The record exhibiting no such question, the motion must prevail.

WRIT DISMISSED.