The State of Florida ex rel. P. & L. R. R. Co. vs. VanNess.

STATE OF FLORIDA EX REL. PENSACOLA AND LOUISVILLE RAIL-
ROAD COMPANY, vs. HON. W. W. VANNESS, JUDGE OF THE
FIRST JUDICIAL CIRCUIT OF FLORIDA.

Where a Judge has determined that, under the statutes of this State, he
is disqualified from hearing a cause, *mandamus* does not lie to make
him reverse that decision and to hear the cause.

This cause came before the Supreme Court by petition
for a writ of *mandamus* to compel Judge VanNess, of the
First Judicial Circuit, to try certain causes.

The respondent set forth, for the reason of his making an
order declining to hear the cause, that the parties complain-
ants in the said causes were related to the wife of the re-
spondent within the ninth degree.

Respondent set forth the statute of December 6, 1862,
which provides "that no Judge shall sit or preside in any
cause to which he is a party, or in which he is interested,
or in which he would be excluded from being a juror by
reason of interest, consanguinity, or affinity to either of the
parties."

The petitioners maintained that the Pensacola and Lou-
isville Railroad Company was a party to the suit, and that
the stockholders, who were interested, were not parties of
record to the suit, and, consequently, that the objection of
the Circuit Court Judge to trying the cause did not come
within the statutory restriction.

*C. C. Yonge* and *R. B. Hilton* for the Petitioners.

*Papy & Raney* for Respondent.

WESTCOTT, J., delivered the opinion of the court.

A *mandamus* does not lie in this case. The only duty
which the Judge had to perform was the exercise of his
judicial discretion and judgment in the matter of deter-
mining his qualification. This he has done, and this writ
does not lie to make him reverse his decision, even though
it be wrong.