POTTER, *Plaintiff in Error*, v. TODD.

1. **Guardians and Curators**: APPEAL: ONE STATUTE INCORPORATED
IN ANOTHER, EFFECT OF CHANGE IN FORMER. The act in relation to
curators and guardians provides that they shall be allowed appeals
"as in the case of executors and administrators." (Gen. St. 1865,
p. 473, § 50.) The law in relation to appeals, at the time this act
first went into force, allowed executors and administrators to appeal
without giving bond. (Gen. St. 1865, p. 514, § 4.) But it was sub-
sequently changed so as to authorize the court, in case of an appeal
by an executor or administrator from any order of distribution or
final settlement, to require him to give bond. (Sess. Acts 1875, p.
46.) *Held*, that since this amendment guardians and curators also
could be required to give bond in like cases.

2. **Mandamus**: DOES NOT LIE TO CORRECT IRREGULARITY OF PROCED-
URE: APPEAL. Mandamus is not the proper proceeding to correct
an error of the probate court in requiring an appeal bond of its own
motion, when the statute only authorizes it to make such require-
ment on the motion of the adverse party.

*Error to Morgan Circuit Court.*—HON. GEO. W. MILLER,
Judge.

AFFIRMED.

*A. W. Anthony* for plaintiff in error.

Section 50 of the guardian act had the same effect as
though the section of the administration law, in regard to
appeals, as it then stood, had been inserted in full, instead
of enacting it by reference thereto. It was the mode of
taking appeals under both laws, just as if the provision
had been copied into both. If the amendment of 1875
had been intended to change the law in respect to guardi-
ans and curators, two lines would have effected that inten-
tion—thus: "This amendment shall also apply to guardi-
ans and curators." Repeals by application, though not
favored by the court, are sometimes allowed; but I have
been unable to find any authority for an amendment by
implication. The section of the guardian act referred to
was in legal contemplation the copying into it, bodily, of

the section of the administration act allowing appeals. It was to all intents and purposes the law, and the only law authorizing appeals by guardians and curators. Then in legal contemplation being embodied in it, as positive existing law, could it be amended without referring to it, and specially applying the amendment? Suppose the legislature had repealed said section of the administration law, would this court hold that a guardian and curator could not appeal? Would this court say that by implication appeals were denied to guardians and curators? If not, can an amendment be stretched over the latter section by implication? If said section had been framed so as to read: " In like manner as is now provided, or may hereafter be provided by law in case of executors and administrators," I would concede the point. It, however, contains no such saving clause; but is a positive, naked enactment of the law as it then stood; and cannot be amended by implication, but only by definite and certain terms referring to the act and the section.

*Jas. P. Ross* and *Jas. A. Spurlock* for defendant in error.

In 1876, when the final settlements in this case were made, it was discretionary with the probate court whether it allowed an administrator or guardian to take and prosecute an appeal on final settlement without an appeal bond. See Acts of 1875, p. 46. The only question, therefore, in this case is, whether the probate court exercised a sound discretion; if so, the circuit court committed no error in refusing the peremptory mandamus. The whole question is one of fact rather than law, and as the probate and circuit judges both found the facts against the curator, and on evidence sufficient, it seems to us that the plaintiff in error is concluded. Another question is, can a curator law his wards without a bond? When he is lawing his own wards is he not beyond the pale of his office and subject to the same rules as other persons? It would seem so.

NORTON, J.—This is a proceeding by mandamus instituted in the circuit court of Morgan county, to compel the defendant, J. O. Todd, judge of the probate court of said county, to grant an appeal from the final settlement of plaintiff, as curator of the estate of Helen R. Harte and other minor heirs of Rose M. Harte, deceased, and to certify the same up to the circuit court. Defendant, in his return to the writ, admits that plaintiff filed his affidavit for appeal, but denies that he did anything to perfect the appeal or complied with the law so as to entitle him to an appeal; and alleges that plaintiff did not make nor offer to him, as judge of the said probate court, a sufficient appeal bond, nor any bond for the appeal whatever, and the court, in the exercise of a sound discretion, demands an appeal bond before granting an appeal as asked. The return further alleges that the bond of said plaintiff, as curator, is worthless, except so far as the said plaintiff makes it good by his own signature; that nothing can be collected of the securities on his bond. Upon the hearing of the same the court dismissed the proceeding and rendered judgment against the plaintiff, from which he appeals to this court.

The only question to be decided in the case is, whether or not plaintiff was entitled to an appeal from the final settlement without giving bond, as required by the probate court. The law in force in regard to appeals of curators and guardians, at the time of the final settlement from which plaintiff claims to have appealed, provides that "appeals shall be allowed from the decision of such court, on final settlement, as in the case of executors and administrators, and shall be taken within six months after the rendition of same." Gen. St. 1865, p. 473, § 50. Previous to 1875, the 4th section of chapter 127, General Statutes, relating to appeals, provided that " every such appellant shall file in the court the bond of himself or some other person, in a sum and with security approved by the court, conditioned that he will pay all debt, damages and costs that

may be adjudged against him, provided that this chapter shall not be so construed as to require any executor or administrator to enter into bond in order to entitle him to an appeal." In 1875, (Acts 1875, p. 46,) the above section was amended by the addition of the following: " But in case of appeal by such executor or administrator from any order of distribution or final settlement, the court granting the appeal, or the appellate court, may, on motion of the adverse party, for good cause, require such executor or administrator to give such bond, and upon his failure to comply with such order the appeal shall be dismissed."

It is contended by counsel that the law conferring the right of appeal on guardians and curators, having been enacted before the amendment of 1875, *supra*, is not affected by it, must be governed by the law as it was before the adoption of the said amendment, and that inasmuch as an appeal could have been taken by a curator without bond before said amendment was enacted, it follows that the same right existed after the enactment. We are unable to perceive any force in this position. The right of a guardian or curator to appeal from a final settlement cannot arise till the final settlement is made, and by the express terms of the law the appeal can only be allowed then as it may be allowed in cases of executors and administrators, and in ascertaining the cases in which an appeal is allowed executors and administrators, we can look only at the law in force at the time the right of a curator to appeal accrues. In other words, the allowance of an appeal to a guardian or curator from a final settlement, is to be governed by the law allowing appeals to executors and administrators which may be in force at the time the curator or guardian applies for an appeal. By the law in force at the time plaintiff prayed for his appeal, an executor or administrator was not entitled to an appeal from a final settlement in a case where such executor or administrator failed to comply with an order of court requiring an appeal bond to be given; and as plaintiff could only appeal

from the final settlement as an executor or administrator could, and as he was required to give an appeal bond and failed to comply with the requirements, it follows that because of such failure he was not entitled to an appeal, and that it was rightfully denied him. And from this it also follows that the action of the circuit court, in refusing a peremptory writ, in dismissing the proceeding and rendering judgment against plaintiff, was proper.

The probate court having jurisdiction to make the order requiring plaintiff to give bond before allowing him an appeal, and having exercised it, we are not at liberty in this form of proceeding to review its judgment in that respect, and correct it on account of the irregularity which defendant insists exists because it does not appear that the order was made on the motion of the adverse party. Judgment affirmed, in which all concur.