Scott v. Stuart, 22 Haw. 576.

TERRITORY OF HAWAII EX REL. M. F. SCOTT AND NETTIE L. SCOTT *v.* HONORABLE THOMAS B. STUART, THIRD JUDGE, CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII.

MOTION TO QUASH.

ARGUED MAY 12, 1915.                   DECIDED MAY 26, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MANDAMUS—*disqualification of judge.*
  Where a judge has determined that under the Organic Act of this Territory he is not disqualified from hearing a cause mandamus does not lie to make him reverse that decision and to assign the cause.

OPINION OF THE COURT BY WATSON, J.

In a petition for a writ of mandamus filed in this court on May 1, 1915, seeking to compel Judge Stuart of the first judicial circuit to transfer and assign a certain cause then pending in said first circuit court to some other court or judge having jurisdiction thereof and not disqualified, it is alleged that respondent by reason of a pecuniary interest in the subject matter of said suit is, under section 84 of the Organic Act of this Territory, disqualified to make any order in said cause other than one transferring and assigning the same as aforesaid. An alternative writ was issued from which it appears that on April 3, 1915, a motion to transfer and assign said cause to some other court or judge having jurisdiction thereof was made before Judge Stuart, which motion was based on the alleged disqualification of Judge Stuart, as hereinabove set out, and that said motion "was not granted." On the return day of said writ respondent appeared and moved to quash the same on the ground that said writ does not state nor recite facts sufficient to entitle the relators to the relief demanded nor to any relief whatever as against the supposed grievances in said writ averred.

If the writ is defective either in form or in substance the defendant may move to quash it. *Dane* v. *Derby,* 54 Me. 95, 89 Am. Dec. 722, 726; *Ex parte Newman,* 14 Wall. (U. S.) 152, 166; 26 Cyc. 463.

Treating the recital in the writ that the motion to assign said cause was by Judge Stuart "not granted" as an averment that said motion was by him denied, we are of the opinion that a mandamus does not lie in this case. The lower court has passed upon the question before it, and the result, of which complaint is now made, is a judicial determination. If that is erroneous it is a judicial error which cannot be corrected by writ of mandamus. The writ is appropriate to compel subordinate . courts to proceed and determine cases pending before them; but in no case does it lie to compel a judicial tribunal to render any particular judgment or to set aside a decision already made. *Ex parte Koon,* 1 Denio 644. "This court cannot by mandamus compel an inferior court to reverse a decision made by it in the exercise of its legitimate jurisdiction." *Ex parte Flippin,* 94 U. S. 348. As was said by the court in the case of *The State of Florida ex rel. P. & L. R. R. Co.* v. *Van Ness,* 15 Fla. 317, "A mandamus does not lie in this case. The only duty which the judge had to perform was the exercise of his judicial discretion and judgment in the matter of determining his qualifications. This he has done and this writ does not lie to make him reverse his decision even though it be wrong." See also *Ex parte Chambers,* 10 Mo. App. 240.

The motion to quash is granted.

*M. F. Scott* for petitioners.

*J. Lightfoot* for respondent.