## LEONARD K. FONG, AUDITOR OF THE CITY AND COUNTY OF HONOLULU, TERRITORY OF HAWAII v. MAURICE SAPIENZA, ACTING JUDGE OF THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII.

No. 2854.

(ORIGINAL)

Argued April 25, 1951.                    Decided April 27, 1951.

Le Baron and Towse, JJ., and Circuit Judge Corbett in Place of Kemp, C. J., Retired.

OPINION OF THE COURT BY TOWSE, J.
(Le Baron, J., dissenting.)

This is a proceeding invoking the original jurisdiction of this court upon a question arising under a writ of mandamus directed to an inferior court.

The proceeding is exclusively statutory. Under the heading of "Extraordinary Legal Remedies," chapter 211, Revised Laws of Hawaii 1945, defines the nature, object, procedural practices and the criteria for determination of

the sufficiency of the application, the alternative writ, the return and the peremptory writ of mandamus. It declares that the object of the writ is to "prevent a denial of justice," and that "it may be directed to judges of inferior courts commanding them to render justice.".

The sworn petition addressed to the justices by way of *ex parte* application alleges, *inter alia,* that the refusal of a continuance of two weeks of "the hearing of petitioner's motion to show cause why a mandamus should not issue against respondent" below (petitioner herein), was "unreasonable, arbitrary and a clear abuse" of the discretionary powers of the respondent and that his action in denying the said continuance "was capricious, arbitrary and against the public good and the administration of justice." The court below granted the respondent a continuance of twenty hours to answer the order to show cause.

Upon the day assigned for answering the order, the respondent filed due return, placing the proceeding at its present statutory juncture: "If on the day assigned for answering the order, the party to whom it is directed answers and shows sufficient reasons to justify his conduct, the complaint shall be dismissed * * *." R. L. H. 1945, § 10266; or, in the alternative, "* * * if the cause shown shall be deemed insufficient, then a peremptory mandate shall issue * * *." R. L. H. 1945, § 10267.

The petition and return framed two issues for determination: first, whether mandamus lies to compel the inferior court to exercise its discretion in a particular manner; second, whether, upon the transcript of the proceedings had upon the hearing on the motions for continuance annexed to the return, it is shown that the inferior court acted in an unreasonable or arbitrary manner or committed an abuse of discretion in denying the petitioner's request for a two weeks' continuance upon the grounds alleged in those motions.

*In the Matter of the Application of Richard Ivers, Collector-General of Customs, For a Writ of Mandamus Against Antonio Perry, First Judge of the Circuit Court of the First Circuit,* 12 Hawaii 99, 103, decided in 1899, the principle of law applicable to the first issue was settled by this court: "In what case such a writ is warranted by the principles and usages of law, it is not always easy to determine. Its use has been very much extended in modern times, and now it may be said to be an established remedy to oblige inferior courts and magistrates to do that justice which they are in duty, and by virtue of their office, bound to do. It does not lie to control judicial discretion, except when that discretion has been abused."

Thus in the broad field of discretionary acts and alleged abuses thereof, subject to remedial action by mandamus, an abuse of discretion by an inferior court could be redressed by a writ of mandamus issuing out of this court to the end that, upon a showing of abuse of discretion, the abuse will be remedied to prevent a denial of justice.

Upon the record before us some of the more substantial and material facts which lead to the conclusion that the petition is well-founded and that the cause shown by the return is insufficient, thus warranting the intervention of this court to prevent a denial of justice, are: the necessity for the immediate correction of the alleged abuse, considered in the light of the summary nature of the proceedings themselves; the subject matter of the litigation has been in existence for a period of eleven years; one of the issues for determination by the inferior court, namely, the refusal of the auditor to issue the warrants in question, has been the subject of conflicting administrative opinions and apparent differences of opinion by successive boards of supervisors of the City and County of Honolulu for approximately four years; the large sum of public funds in controversy; that the proceedings below are brought

against the respondent as auditor of the City and County of Honolulu; that a vacancy in the office of county attorney of the City and County of Honolulu existed throughout five of the seven days accorded the respondent in which to make return to the alternative writ; that upon service of the alternative writ below the respondent in good faith sought counsel to represent him in that capacity as by law provided, but was unsuccessful in so doing through no direct neglect or failure to act on his part; that so failing, he thereupon employed private counsel of his own choosing at 4:15 o'clock p.m. on the day next preceding the return day theretofore set for him to show cause; that his attorney-client conference at that time of ten or fifteen minutes was limited solely to discussion of a contemplated request for a continuance of the return date set for the following day; whether the continuance of twenty hours granted by the inferior court to the respondent upon initial appearance in the litigation was a reasonable period for an attorney enjoying a normal practice in which to investigate and collect available facts, advise his client thereon and prepare and file a return in the circumstances.

In so far as the record before us now discloses, the basic issue for determination in the proceedings below may well have extended beyond the bare question of whether the respondent was faced with the discharge of a ministerial or discretionary act, and could have involved and encompassed the issue of lawful or unlawful appropriation and payment of a large sum of public funds in a disputed matter wherein the auditor, as an official of the City and County of Honolulu, necessitated and sought a judicial determination of his right or duty to act, or a justification in law for his continued refusal to issue the warrants in question.

From the nature of the motions for continuance, the grounds thereof, and the showing made pursuant thereto,

it affirmatively appears that the request of counsel for a continuance upon initial appearance was made in good faith and not for the purpose of delay. The respondent was served with the alternative writ on the 11th day of April, thus according him a period of seven days in which to secure the services of an attorney, as by law provided, and to prepare his return thereto. He was unable to accomplish this until the late afternoon of the day prior to the return day, at which time he employed private counsel. Counsel, in the circumstances, cannot be held accountable for the *ad interim* acts and doings of his client in those matters which were accomplished prior to entry into the attorney-client relationship. Nor, can they be imputed or considered in retrospect as the neglect or failure on the part of counsel upon and following assumption of the relationship. To interpret the record before us as warranting the conclusion that an attorney, upon his initial appearance in a proceeding of the nature of the controversy below, who was retained only a matter of hours prior to his initial appearance in a matter of such apparent magnitude and importance (as is patently present here) is not entitled to a reasonable extension of time predicated upon the grounds for continuance alleged in the motions, would be a denial of justice to the respondent-client.

The remedy sought is classed as "Extraordinary." It does not only apply to extraordinary circumstances, but, when invoked, preserves the substantial rights of litigants. The writ of mandamus is of a corrective, remedial nature and is exercised upon legal and equitable considerations. (See *In the Matter of Waterhouse*, 2 Haw. 241.) The ultimate purpose of the remedy sought herein being to prevent a denial of justice, we conclude that such denial would have attached had the respondent below, under the facts and circumstances presented by the record before us, been compelled to show cause on the day set for his return.

Flexibility in the application of the principles here announced must be recognized. In applying the existing statutory principles and mandates governing the issuance and determination of petitions for mandamus in this matter, we are constrained to conclude that if the exercise of discretionary acts of inferior courts are to be accorded classificational distinctions or considerations other than the statutory spirit and objects of the writ dictate, then corrective steps lie in legislation and not in this court. The remedy is not available to correct alleged abuses of discretionary acts of every kind and nature in judicial proceedings. Therein lies the inherent danger of abuse upon abuse.

Obviously, it is not in every case wherein a petition alleges a grievance regarding the granting or denial of a continuance or extension of time in a judicial proceeding that the writ will issue. Exercise of judicial discretion should be intervened upon and rectified only in those matters wherein a petition, pursuant to the statute on *ex parte* application, discloses a prima facie case of abuse, and where, as here, the record bears ample justification for the issuance of the peremptory writ. Its issuance herein is provident and timely.

The nature and result of remedying an abuse of judicial discretion is no more the substitution of an act of discretion by this court for an act of discretion of an inferior court, nor any more a direction to an inferior court to exercise that court's discretion in any particular manner, than a finding with accompanying corrective remand in the determination of a cause before this court on appeal. The results remain constant. The remedies are variable. Both are addressed to the prevention of a denial of justice.

Determination of this cause has consumed two days. Since the date of filing of the petition herein on April 19, 1951, however, counsel for the respondent below has pre-

sumably invoked the opportunity to familiarize himself with the facts concerning the position of his client to an extent sufficient to enable him to prepare a return to the alternative writ pending below.

A peremptory writ will therefore enter, directing the respondent herein to fix the time for the respondent below to appear and make return before him at a time convenient to the court below, which time, however, shall be not less than forty-eight hours subsequent to the issuance of the peremptory writ herein.

It is so ordered.

*R. K. Sharpless,* Deputy Attorney General, for respondent.

*A. K. Trask* for petitioner.

### DISSENTING OPINION OF LE BARON, J.

I respectfully dissent. The majority opinion holds that mandamus lies in this case to compel an inferior court not only to reverse a decision made by it in the exercise of its legitimate jurisdiction but to enter a new decision and to direct it to exercise with respect thereto judicial discretion in a particular manner differently from that in which it has already exercised discretion. Such a holding violates the essential purpose of mandamus, which is purely mandatory, and I find no authority to support it.

The authoritative holdings of this court are to the contrary. Thus the opinion of Mr. Chief Justice Allen in *J. T. Waterhouse for a Writ of Mandamus,* 2 Haw. 241, 244, 245, held that "a mandamus will not lie to control or coerce the discretion of a subordinate tribunal" and that "This motion, if properly entertained by the Police Court, should have been decided; still it is an interlocutory motion, and a mandamus is not a proper remedy to regulate the proceedings as they are progressing. It can only apply when the court refuses to decide." On appeal therefrom

to the full court, Mr. Justice Robertson delivered the decision of the court which declared that the opinion of the chief justice "must be affirmed, and the mandamus refused." (*J. T. Waterhouse for a Writ of Mandamus,* 2 Haw. 251.)   In correlation, this court in *Scott* v. *Stuart,* 22 Haw. 576, 577, said:   "The lower court has passed upon the question before it, and the result, of which complaint is now made, is a judicial determination.   If that is erroneous it is a judicial error which cannot be corrected by writ of mandamus.   The writ is appropriate to compel subordinate courts to proceed and determine cases pending before them; but in no case does it lie to compel a judicial tribunal to render any particular judgment or to set aside a decision already made.   *Ex parte Koon,* 1 Denio 644.   'This court cannot by mandamus compel an inferior court to reverse a decision made by it in the exercise of its legitimate jurisdiction.'   *Ex parte Flippin,* 94 U. S. 348.   As was said by the court in the case of *The State of Florida ex rel. P. & L. R. R. Co.* v. *Van Ness,* 15 Fla. 317, 'A mandamus does not lie in this case.   The only duty which the judge had to perform was the exercise of his judicial discretion and judgment in the matter of determining his qualifications.   This he has done and this writ does not lie to make him reverse his decision even though it be wrong.'   See also *Ex parte Chambers,* 10 Mo. App. 240."

The majority opinion in effect abrogates these principles. It purports to do so under the authority of *Collector of Customs* v. *Circuit Judge,* 12 Haw. 99, 103, by relying upon a quotation therein from the case of *Virginia* v. *Rives,* 100 U. S. 313, 323, that "It [mandamus] does not lie to control judicial discretion, except when that discretion has been abused."   But this court in that authority did not either expound upon such quotation or complete it so as to consider the qualifying clause immediately following

it within the same sentence as employed by the Supreme Court in *Virginia* v. *Rives, supra*. That qualifying clause is illustrative of a case to which the rule against control of judicial discretion by mandamus does not apply, the case being one in which the inferior tribunal to which the writ was addressed had no jurisdiction of the cause and therefore one in which mandamus was warranted to compel that tribunal to transfer that cause back to the tribunal having jurisdiction. Such clause reads (pp. 323, 324): "* * * but it [mandamus] is a remedy when the case is outside of the exercise of this discretion, and outside the jurisdiction of the court or officer to which or to whom the writ is addressed." Apparently this court in *Collector of Customs* v. *Circuit Judge,* did not deem it necessary to so expound upon and complete the quotation to which it alluded for the reason that the case before it was not the case before the Supreme Court in *Virginia* v. *Rives, supra,* but one in which the inferior court to which the writ was addressed had jurisdiction of the cause and therefore one in which mandamus was not warranted to compel that tribunal to grant a commission for an oral examination of witnesses which it had refused to do although granting a commission to examine witnesses upon written interrogatories and cross-interrogatories. Such is the case on which the authoritative holding of this court rested in denying the writ irrespective of its dicta in finding that there was no showing of an abuse of judicial discretion warranting mandamus and in declaring (pp. 103, 104) that "Were this the last opportunity the relator had to obtain a commission for the examination of witnesses, there would be stronger ground for granting the writ." Consequently, *Collector of Customs* v. *Circuit Judge, supra,* is not an authority for the proposition that mandamus will lie to command an inferior tribunal to revise or reverse its decision, where that decision, as here, is in the nature of a judicial act,

and within its jurisdiction and discretion. Nor in my opinion does it constitute a reasonable basis upon which to change drastically the settled law in order to make a writ of mandamus reach such a decision. To do so would over-rule the more recent case of *Scott* v. *Stuart, supra,* which is the final and decisive word upon the subject in this jurisdiction, as well as nullify the broad and sweeping · language of this court which therein emphatically de-clared that "* * * in no case does it [mandamus] lie to compel a judicial tribunal to render any particular judg-ment or to set aside a decision already made."

By unanimity of authority, mandamus does not lie to reverse decisions of inferior courts upon matters properly within their judicial cognizance. (See *Bank of Columbia* v. *Sweeny,* 26 U. S. 1 Pet. 567; *Ex parte Hoyt,* 38 U. S. 13 Pet. 279; *Ex parte Whitney,* 38 U. S. 13 Pet. 404; *Ex parte DeGroot,* 73 U. S. 6 Wall. 497; *Ex parte Newman,* 81 U. S. 14 Wall. 152; *Ex parte Schwab,* 98 U. S. 240; *Ex parte Perry,* 102 U. S. 183; *Ex parte Des Moines & M. R. Co.,* 103 U. S. 794; *Ex parte Hendree,* 49 Ala. 360; *Ex parte Gilmer,* 64 Ala. 234; *Ex parte Graves,* 61 Ala. 381; *Ex parte Schmidt & Smith,* 62 Ala. 252; *Ex parte Brown,* 58 Ala. 536; *Ex parte South & N. Ala. R. Co.,* 65 Ala. 599; *Judges of Oneida Com. Pleas* v. *People* [N. Y.], 18 Wend. 79, overruling *People* v. *Superior Ct. of N. Y.* [N. Y.], 5 Wend. 114; *People* · v. *Judges of Duchess Com. Pleas* [N. Y.], 20 Wend. 658; *Ex parte Koon,* 1 Denio 644; *Ex parte Ostrander, id.* 679; *Elkins* v. *Athearn* [N. Y.], 2 Denio 191; *People* v. *Weston,* 28 Cal. 639; *Cariaga* v. *Dry-den,* 29 Cal. 307; *Lewis* v. *Barclay,* 35 Cal. 213; *Jones* v. *Justices of Stafford* [Va.], 1 Leigh 584; *People* v. *Pratt,* 28 Cal. 166; *People* v. *Moore,* 29 Cal. 427; *State* v. *The Judge of Kenosha Circuit Court,* 3 Wis. 809; *Warren County Ct.* v. *Daniel* [Ky.], 2 Bibb 573; *State* v. *Wright,* 4 Nev. 199; *Stout* v. *Hopping,* 17 N. J. L. 471; *Little* v.

*Morris,* 10 Tex. 263; *Dunklin County* v. *Dunklin County Dist. Ct.,* 23 Mo. 449; *Potter* v. *Todd,* 73 Mo. 101; *Williams* v. *Judge of Cooper Ct. Com. Pleas,* 27 Mo. 225; *Blecker* v. *St. Louis Law Comr.,* 30 Mo. 111.) This general rule applies even though such decisions are plainly erroneous, constituting as they would judicial errors, which are beyond the province of a mandamus to correct. (*Judges of Oneida Com. Pleas* v. *People* [N. Y.], 18 Wend. 79; *Cariaga* v. *Dryden,* 29 Cal. 307; *Ex parte Whitney,* 38 U. S. 13 Pet. 404; *The County Ct. of Warren* v. *Daniel* [Ky.], 2 Bibb 573; *Stout* v. *Hopping,* 17 N. J. L. 471; *Foster* v. *Redfield,* 50 Vt. 285.) Mandamus reaches only the question of whether an existing duty was discharged and not the soundness of justice of result reached. (*United States ex rel. Maine Potato Growers & Shippers Ass'n* v. *Interstate Commerce Commission,* 88 F. [2d] 780, *cert. denied,* 300 U. S. 684.) It will not lie for mere purpose of review. (*Ex parte Hartwell,* 238 Ala. 62, 188 So. 891.) Nor can it be invoked as a substitute for a direct review of the order of a judge in any matter which he had jurisdiction to decide (*People ex rel. Brignall* v. *Lewe,* 383 Ill. 549, 50 N. E. [2d] 577), particularly where the proper and adequate remedy is that of appeal or writ of error. (*State ex rel. Wolski* v. *Reed,* 146 Neb. 348, 19 N. W. [2d] 545.)

This is not a case of a refusal to exercise discretion nor is it one outside the exercise of judicial discretion or outside the jurisdiction of the inferior court. It is rather one to reverse a decision of continuance made within the jurisdiction of that court after being fully advised and one to control or coerce the exercise of judicial discretion and jurisdiction thereafter. Nor has there been any showing that there is no adequate remedy of appeal to correct the decision of continuance, if erroneous, or that there has been a clear abuse of discretion, amounting to a practical denial of justice, even if it were assumed that such abuse would

warrant mandamus. On the contrary, the record demonstrates that the respondent circuit judge properly exercised judicial discretion and his decision of continuance afforded petitioner more than ample time in which to answer and show cause, if any he had, why he should not draw the warrants in question. This is evidenced by the petitioner's sworn testimony, offered in support of his motion for a continuance, as a sound and impelling reason why the respondent exercised his judicial discretion and jurisdiction in the manner in which he did. That testimony disclosed that the petitioner has only one defense to the petition for a writ of mandamus in the circuit court, which puts into issue the character of the duty of an auditor of the City and County of Honolulu to draw warrants preaudited and approved by the controller under section 5694 of Revised Laws of Hawaii 1945. Such defense is that this section makes such drawing a discretionary rather than a ministerial act. It presents a question of law for the court to decide on reading the section, the disposition of which requires no extended time for presentation, argument or deliberation. Twenty hours as granted by the decision of continuance in which to prepare that defense and answer accordingly should suffice for any duly licensed attorney, particularly so where the language of the statute involved is clear and unambiguous and consists of but one short sentence pertinent to the question. Presumably the respondent circuit judge after extended hearing deemed that no useful purpose would be served by a longer continuance. This court is in no position to say otherwise or to declare that reversal of the inferior court's decision and substitution of a new decision are clear legal duties to be performed by the respondent as a requisite of mandamus.

Aside from being unsupported by authority and contrary to the holdings of this court, the majority opinion to my mind establishes a dangerous precedent which leaves

all inferior courts not only in a state of uncertainty as to the manner in which to exercise their judicial discretion in any particular case but in a state of fear as to when the progress of hearings and trials may be disrupted by mandamus at the instance of any party deeming himself aggrieved by decisions made for the purpose of insuring that progress.

In my opinion the alternative writ of mandamus should not have issued in the first instance and the petition for writ of mandamus should have been dismissed with costs.